# EXHIBIT B

<b>UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA<br>
CASE NO: 20-21707-CV-UNGARO</b>

RAYMOND JAMES FINANCIAL, INC.,

    Plaintiff,

vs.

FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; GREAT
AMERICAN INSURANCE COMPANY;
BEAZLEY INSURANCE COMPANY, INC.; AND
ST. PAUL MERCURY INSURANCE COMPANY

    Defendants.

---

<b><u>DECLARATION OF JASON MAZER, ESQ.</u></b>

Undersigned counsel has conferred with counsel for the Defendants (together, Plaintiff and Defendants shall collectively be referred to as the "Parties") with respect to the Parties' Joint Motion to Modify Pretrial Deadlines and Trial Date. Undersigned counsel believes that good cause exists for the granting of the Motion, based on the following:

1. On August 5, 2020, the Court entered the Scheduling Order for Pretrial Conference and Trial ("Scheduling Order"). (Doc. 53). The Scheduling Order contained the following deadlines:

- April 9, 2021: All discovery must be completed
- April 30, 2021: All motions including summary judgment motions, motions related to summary judgment motions and *Daubert* motions, and motions related to trial evidence must be filed
- May 7, 2021: Joint Pretrial Stipulation, Jury Instructions or Proposed Findings of Fact and Conclusions of Law must be filed
- June 11, 2021: Pretrial Conference
- June 30, 2021: Trial Calendar Call
- July 6, 2021: Trial

1

2. Additionally, the parties agreed to the following schedule with respect to expert discovery and advised the Court of same in their Notice of Filing Joint Schedule for Expert Discovery (Doc. 60).

- Plaintiff to Disclose Experts:  January 20, 2021
- Defendants to Disclose Experts:  February 19, 2021
- Plaintiff's to Disclose Rebuttal Experts:  March 10, 2021
- Deadline to Complete Expert Witness Depositions:  April 9, 2021

### Events Leading Up to the Filing of this Motion

3. On April 23, 2020, Plaintiff filed this action seeking insurance coverage under a $60 million dollar tower of fidelity bonds. Plaintiff filed its Amended Complaint on July 8, 2020 (Doc. 39), and each defendant timely filed answers and affirmative defenses.

4. The Parties have been working together in a cooperative manner to progress discovery, schedule depositions, resolve most discovery disputes that have arisen to date, and to coordinate on the production of voluminous document exchanges, which at this juncture, has reached into the hundreds of thousands of pages. The Parties have been unable to resolve only a limited number of discovery disputes to date and have sought Magistrate Judge O'Sullivan's assistance.

5. During the course of discovery, certain circumstances have impacted the optimum progress of discovery. Most significantly, due to the effects of COVID-19, Plaintiff has experienced delays in processing and producing the extensive documents requested by Defendants. Plaintiff's employees are working remotely and everything is taking more time to complete. Additionally, counsel for Plaintiff's office suffered a catastrophic physical loss on April 9, 2020,

which has rendered approximately 85% of Plaintiff's office uninhabitable and its contents destroyed or inaccessible.[1]

6. The parties are currently scheduled to mediate their dispute on February 10, 2021. (Doc. 62). Defendants are prepared to proceed with depositions, but suggest that settlement is more likely if the parties can defer the cost of extensive depositions prior to the mediation next month. Defendants therefore conferred with Raymond James about extending the scheduling order and all parties agree that an extension will assist the parties' in considering settlement.

5. In light of the reasons above, undersigned believes, after conferral with counsel for Defendants, that good cause exists for the Honorable Court to grant a ninety-day extension of time for all deadlines outlined in the May 29, 2020 Joint Scheduling Report (Doc. 27) and the Court's August 5, 2020 Scheduling Order for Pretrial Conference and Trial (Doc. 53), to provide the parties' sufficient opportunity to finalize, analyze and evaluate the discovery, exchange expert witness reports, and proceed with depositions should this matter not resolve at mediation.

**I HEREBY DECLARE** under penalty of perjury that the foregoing is true and correct.

**EXECUTED** this 12th day of January, 2021.

_____
Jason S. Mazer

---

[1] Specifically, on the night of April 8, 2020, an electrical fire occurred at the law firm on the floor above Plaintiff's offices in the Miami Tower. A break in the sprinkler system water main line caused Plaintiff's offices to be flooded, destroying its contents, and prohibiting access. Due to COVID-19 related delays with respect to inspections and building permits, Plaintiff's offices have not been restored to date.