UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-21707-CV-MARTINEZ/BECERRA

RAYMOND JAMES FINANCIAL, INC.,

       Plaintiff,

vs.

FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; GREAT
AMERICAN INSURANCE COMPANY;
BEAZLEY INSURANCE COMPANY, INC.;
and ST. PAUL MERCURY INSURANCE
COMPANY,

       Defendants.

**PLAINTIFF RAYMOND JAMES FINANCIAL, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT
<u>FEDERAL INSURANCE COMPANY AND SUPPORTING MEMORANDUM OF LAW</u>**

Plaintiff, Raymond James Financial, Inc. ("Raymond James"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56, moves for partial summary judgment against Defendant Federal Insurance Company ("Federal") on Federal's Seventh, Eighth, Ninth, Twenty-Second and Twenty-Eighth Affirmative Defenses [ECF No. 46]. In support thereof, Raymond James submits the following memorandum of law.

### I.    INTRODUCTION

This is an insurance coverage dispute arising from Federal and the other defendant-insurers failure to indemnify Raymond James for covered losses under a series of Financial Institution Bonds (the "Bonds") that Raymond James purchased from the Defendants providing a total of $60 million in "single loss" employee fidelity coverage. Raymond James was insured by Federal under the Primary Bond, the Second Excess Bond and the Third Excess Bond (as defined in the First

Amended Complaint). Raymond James suffered a covered loss under the Bonds resulting directly from dishonest and fraudulent acts committed by a Raymond James employee, Joel Burstein ("Burstein"), while acting in collusion with his former father-in-law Ariel Quiros ("Quiros"), in connection with the purchase, improvement and expansion of the Jay Peak Resort in Jay Peak, Vermont by Quiros. As part of their dishonest and fraudulent scheme, Burstein and Quiros, with the intent to financially benefit themselves and entities operated and controlled by Quiros and others, misappropriated over $60 million in limited partnership funds for purposes unrelated to any of the Jay Peak limited partnerships and for Quiros' personal benefit.

Upon discovery of the fraud, the SEC initiated litigation against Quiros on April 12, 2016, which resulted in the appointment of Michael Goldberg as the Receiver for the Jay Peak limited partnerships and related entities (the "SEC Receiver"). *See* (Plaintiff Raymond James Financial, Inc.'s Local Rule 56.1 Statement of Material Facts in Support of Motions for Partial Summary Judgment ("Stmt. Mat. Facts") at ¶ 6).[1] Soon thereafter, numerous lawsuits were filed against Raymond James and Burstein, including an action filed by the SEC Receiver on May 20, 2016, and a consolidated class action lawsuit filed on May 3, 2016 by individual EB-5 investors who were seeking to recover, among other damages, the limited partnership funds that had been misappropriated by Burstein and Quiros using accounts at Raymond James. (*Id.* at ¶ 7). After months of confidential negotiations, Raymond James agreed to settle with the SEC Receiver and class counsel. (*Id.* at ¶ 8). The Settlement Agreement, which was subsequently approved by the Court in the receivership action, provided for the dismissal of all Jay Peak related civil litigation against Raymond James and a bar of future litigation (other than actions brought directly by

---

[1] Pursuant to S.D. Fla. L.R. 56.1, Raymond James' Local Rule 56.1 Statement of Material Facts is being filed contemporaneously with this Motion. Pursuant to this Court's Order [ECF No. 96], Raymond James further refers the Court to the parties' Joint Statement of Undisputed Facts.

government entities) in exchange for payment of $150 million from Raymond James. (*Id.* at ¶¶ 8, 9).

On or about May 4, 2016, Raymond James' Legal Department received notice that the *Daccache* class action lawsuit had been filed against Raymond James and Burstein. (*Id.* at ¶ 10). At that time, Raymond James received notice of an actual claim in which it was alleged that Raymond James was liable to a third party under circumstances which, if true, would constitute a loss under the Bonds. (*Id.*). Raymond James then reported to the Defendants a claim under the Bonds on May 16, 2016. (*Id.* at ¶ 11). Raymond James, as requested by the Defendants and pursuant to agreed-upon extensions, submitted a narrative proof of loss to the Defendants on February 27, 2018. (*Id.* at ¶ 12). Over two years later, on April 20, 2020, Federal, as the primary insurer in a follow form tower, denied coverage under the Bonds. (*Id.* at ¶ 13).

Raymond James then filed this lawsuit on April 23, 2020. (*Id.* at ¶ 14). Raymond James filed a First Amended Complaint for Damages on July 8, 2020. (*Id.*). The lawsuit asserts claims for breach of contract and declaratory relief, and seeks to recover the $60 million in insurance coverage that Raymond James purchased from the Defendants under the Bonds at issue. (*Id.*). In response to the First Amended Complaint, Federal filed its Answer and Affirmative Defenses [ECF No. 46], and asserted numerous affirmative defenses, certain of which, as addressed herein, are not supported by any record evidence in this case or otherwise are legally inapplicable to Raymond James' claims in this lawsuit. Accordingly, and for the reasons discussed herein, Raymond James is entitled to partial summary judgment on Federal's Seventh, Eighth, Ninth, Twenty-Second and Twenty-Eighth Affirmative Defenses.

## II.     ARGUMENT

### A.     Summary Judgment Standard

"Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "When the non-moving party bears the burden of proof on an issue at trial, the moving party need not 'support its motion with affidavits or other similar material *negating* the opponent's claim" to meet its initial burden on summary judgment. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 323) (emphasis in original). Instead, the moving party simply may "point out to the district court" . . . "that there is an absence of evidence to support the nonmoving party's case." *Id.*; *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1170 (11th Cir. 1995) (to prevail, moving party may "may show that the non-moving party has no evidence to support [an essential element] of its case"). Once the moving party makes this showing, "the burden shift[s] to the nonmoving party to designate, through affidavits or otherwise . . . , specific facts showing that there is a genuine issue for trial." *Young*, 59 F.3d at 1170. "The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on the basis of which a jury could reasonably find for the nonmovant." *Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co.*, 944 F. Supp. 2d 1258, 1261 (S.D. Fla. 2013).

### B.     Principles of Insurance Policy Interpretation

Florida law is well-settled that insuring or coverage clauses must be read in the broadest possible manner to afford the greatest extent of coverage. *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So. 2d 565, 568 (Fla. Dist. Ct. App. 1984). Exclusionary clauses, in contrast, are always

4

strictly construed. *Westmoreland v. Lumbermens Mut. Cas. Co.*, 704 So. 2d 176, 179 (Fla. Dist. Ct. App. 1997). Because exclusions are fundamentally contrary to the purpose of insurance, Florida courts hold insurers "responsible for clearly setting forth what [is] excluded from coverage under the terms of the policy." *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005). Accordingly, if an insurer intends to exclude or limit coverage, it must do so unambiguously. *Anderson*, 756 So. 2d at 34. Where policy language is susceptible to more than one reasonable interpretation, it is considered to be ambiguous. *Washington Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013). Any ambiguity must be liberally construed in favor of coverage and strictly against the insurer. *Id.* at 949-50. In other words, where "one reasonable interpretation of the policy provisions would provide coverage, that is the construction which must be adopted." *Id.* at 950.

C. **Raymond James is Entitled to Partial Summary Judgment on Federal's Seventh, Eighth, Ninth, Twenty-Second and Twenty-Eighth Affirmative Defenses**

The "burden of proving each element of an affirmative defense rests on the party that asserts the defense." *Paladin Shipping Co. v. Star Capital Fund, Ltd. Liab. Co.*, 491 F. App'x 42, 44 (11th Cir. 2012) (quoting *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1097 (Fla. 2010)). Accordingly, Federal bears the burden of establishing the elements of each asserted affirmative defense. *Regions Bank v. Old Jupiter, LLC,* No. 10-80188-CIV, 2010 WL 5148467, at *2 (S.D. Fla. Dec. 13, 2010). Because Federal cannot meet that burden with respect to its Seventh, Eighth, Ninth, Twenty-Second and Twenty-Eighth Affirmative Defenses**,** Raymond James is entitled to summary judgment on those defenses.

### i. *Seventh, Eighth and Ninth Affirmative Defense – Aggregate Limits of Liability are Inapplicable*

Federal asserted for its Seventh, Eighth and Ninth Affirmative Defenses that Raymond James' cannot recover in excess of the Aggregate Limit of Liability under the Primary Bond ($20 million), the Second Excess Bond ($20 million excess of $40 million) and the Third Excess Bond ($40 million in excess $60 million), respectively. [ECF No. 46 at pp. 43-44]. Raymond James is entitled to summary judgment on these defenses, because the aggregate limits of liability in these Bonds is completely inapplicable. As the First Amended Complaint makes clear, Raymond James is only seeking to recover the $60 million in "single loss" employee fidelity coverage under the Bonds resulting from Burstein's dishonesty. [ECF No. 39 at ¶¶ 1, 74]. And, indeed, the Primary Bond expressly provides that "[s]ingle loss" means "all acts or omissions . . . caused by any person (whether an Employee or not) or in which such person is implicated." [ECF No. 39 at Ex. A, Primary Bond, Limit of Liability, p. 13]. There is no record evidence to even suggest that the aggregate limits of liability under the Bonds are applicable in this case.

Therefore, Raymond James is entitled to partial summary judgment on Federal's Seventh, Eighth and Ninth Affirmative Defenses.

### ii. *Twenty-Second Affirmative Defense – Raymond James is Entitled to Recover its Attorneys' Fees and Costs Pursuant to Fla. Stat. § 627.428 if it Prevails*

Federal asserted for its Twenty-Second Affirmative Defense that Raymond James seeks to recover fees and costs not covered under the Primary Bond, relying on Exclusion (u) (as amended by Endorsement No. 5) of the Primary Bond. That exclusion provides that there is no coverage for "all fees, costs, and expenses incurred by the Insured (1) in establishing the existence or amount of loss covered under this bond, except to the extent covered under the portion of Insuring Agreement (a) entitled Audit Expense; or (2) as a party to legal proceeding whether or not such

6

legal proceeding exposes the Insured to loss covered by this bond." [ECF No. 46 at p. 49]. Federal appears to be suggesting that Raymond James is not entitled to recover its attorneys' fees and costs in this litigation.

But, if Raymond James prevails in this action against Federal, the Court is required to award Raymond James its attorneys' fees and costs pursuant to Florida Statutes Section 627.428. *See* Fla. Stat. § 627.428(1) ("Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court *shall* adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had") (emphasis added). Indeed, an award of fees under Fla. Stat. § 627.428 "is a mandatory, non-discretionary requirement of law." *Sanchez v. AN Luxury Imports of Pembroke Pines, Inc.*, 216 So. 3d 723, 730 (Fla. Dist. Ct. App. 2017).

Therefore, if successful against Federal in this litigation, Raymond James is, as a matter of law, entitled to recover its attorneys' fees and costs from Federal. Accordingly, Raymond James is entitled to summary judgment on Federal's Twenty-Second Affirmative Defense.

    *iii.*     ***Twenty-Eighth Affirmative Defense – Raymond James Timely Filed this Action***

Federal asserted for its Twenty-Eighth Affirmative Defense that "Raymond James claim is barred by the applicable statute of limitations and/or contractual limitations period as outlined in the Primary Bond." [ECF No. 46 at p. 51]. This defense fails as a matter of law and undisputed fact.

Under Florida law, the statute of limitations for an action for breach of a written instrument is five (5) years. Fla. Stat. § 95.11(2)(b). A cause of action accrues when the last element constituting the cause of action occurs. Fla. Stat. § 95.031(1). "Florida case law consistently holds that a cause of action for breach of contract accrues and the limitations period commences at the time of the breach." *Clark v. Estate of Elrod*, 61 So. 3d 416, 418 (Fla. Dist. Ct. App. 2011) (internal quotation marks omitted). As such, "a breach of contract action on an insurance contract accrues on the date the contract is breached." *Dinerstein v. Paul Revere Life Ins. Co.*, 173 F.3d 826, 828 (11th Cir. 1999) (citing *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996)); *Saenz v. State Farm Fire & Cas. Co.*, 861 So. 2d 64 (Fla. Dist. Ct. App. 2003) (statute of limitations period in breach of insurance contract actions begins running from the date of the alleged breach). To that end, "a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running" in actions predicated upon insurance contracts. *Donovan v. State Farm Fire & Cas. Co.*, 574 So. 2d 285, 286 (Fla. Dist. Ct. App. 1991) (citations omitted); *Roth v. State Farm Mut. Auto. Ins. Co.*, 581 So. 2d 981, 983 (Fla. Dist. Ct. App. 1991) (insurer's notification to insureds that claim was denied triggered the running of the statute of limitations).

Federal, as the primary insurer in a follow form tower, denied coverage on April 20, 2020. (Stmt. Mat. Facts at ¶ 13). This denial of coverage triggered the running of the statute of limitations under Florida law. *Donovan*, 574 So. 2d at 286; *Roth*, 581 So. 2d at 983. Raymond James filed this action on April 23, 2020 – within days of Federal's denial of coverage. (Stmt. Mat. Facts at ¶ 14). Raymond James timely brought this action within the five-year statute of limitations.

In response to an interrogatory asking for the factual basis for its defense, Federal asserted that Raymond James' claim under the Bonds was barred either by the statute of limitations in Fla. Stat. 95.11 or the two-year suit limitation imposed by the Bonds. *See* [Federal Insurance

Company's Objections and Responses to Raymond James Financial, Inc.'s First Set of Interrogatories at No. 4, a copy of which is attached hereto as Exhibit "1"].

As to the former, Federal contended that Raymond James' claim is untimely because Fla. Stat. 95.11(2)(e) provides that in an "action for breach of a property insurance contract," the period runs from the date of loss. But this is *not* a property insurance claim governed by Fla. Stat. § 95.11(2)(e); it is an action for indemnification under a tower of fidelity bonds. To be sure, the published decisions that have referenced Fla. Stat. § 95.11(2)(e) all involved lawsuits for damage to *real property*, typically in the context of hurricane damage.[2] Fla. Stat. § 95.11(2)(e) simply has

---

[2] *See McMillan v. Cincinnati Ins. Co.*, No. 5:20-cv-72-Oc-30PRL, 2020 WL 5947656 (M.D. Fla. June 12, 2020) (breach of contract action based on failure to pay insurance proceeds for damage to plaintiff's home); The Jacqueline Norris Huggett v. Ironshore Specialty Ins. Co., No. 18-21467-CIV-ALTONAGA/Goodman, 2018 WL 8359643, at *1 (S.D. Fla. July 18, 2018) (damage to plaintiff's home from Hurricane Irma); *Siegel v. Tower Hill Signature Ins. Co.*, 225 So. 3d 974 (Fla. Dist. Ct. App. 2017) (claim under homeowners' insurance policy arising from drain line collapse under foundation of home); *Harco Co. of Jacksonville, LLC v. Chubb Custom Ins. Co.*, No. 3:15-CV-818-J-39MCR, 2016 WL 7206177 (M.D. Fla. Mar. 18, 2016) (breach of contract for failing to pay for structural damages to apartment); *N.P.V. Realty Corp. v. Nationwide Mut. Assur. Co.*, No. 8:14–CV–03235–T–17MAP, 2015 WL 3494127 (M.D. Fla. June 3, 2015) (action for damage to real property); *Luciano v. United Prop. & Cas. Ins. Co.*, 156 So. 2d 1108 (Fla. Dist. Ct. App. 2015) (action for breach of homeowner's insurance based on denial of claim for hurricane damage to home); *Donovan v. Fla. Peninsula Ins. Co.*, 147 So. 3d 566 (Fla. Dist. Ct. App. 2014) (action against property insurer for failing to pay costs to comply with building codes in the repair of hurricane damage to insured's property); *Linares v. Universal Prop. & Cas. Ins. Co.*, 141 So. 3d 719 (Fla. Dist. Ct. App. 2014) (breach of contract arising from denial of insureds' claim for hurricane damage to home); *Rizo v. State Farm Florida Ins. Co.*, 133 So.3d 1114 (Fla. Dist. Ct. App. 2014) (action arising from damages caused by Hurricane Wilma; *Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.*, No. 10–61987–CIV, 2013 WL 1191413 (S.D. Fla. Mar. 22, 2013) (property damage arising from Hurricane Wilma); *Regency 288, LLC v. Glencoe Ins. Ltd.*, No. 12-62461-Civ-SCOLA, 2013 WL 12092098 (S.D. Fla. Aug. 16, 2013) (damage to property resulting from Hurricane Wilma); *Olear Org. v. North Pointe Ins. Co.*, No. 6:12–cv–850–Orl–28KRS, 2012 WL 5471789 (M.D. Fla. Nov. 9, 2012) (plaintiff's property was damaged by Hurricane Charley); *Garden-Aire South Condo. Ass'n Inc. v. QBE Ins. Corp.*, 10-61985-CIV-DIMITROULEAS/SNOW, 2012 WL 12861091 (S.D. Fla. Nov. 20, 2012) (property damage from Hurricane Wilma; *West Palm Gardens Villas Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 11-23912-Civ, 2012 WL 3017083 (S.D. Fla. June 25, 2012) (homeowner's insurance dispute involving loss from Hurricane Wilma); *Kelly v. Balboa Ins. Co.*, 897 F. Supp. 2d 1262 (M.D. Fla. 2012) (dispute involving loss to real property); *Allstate Ins. Co. v. Country Club Apartments*, NO.

9

no applicability here.  The five-year statute of limitations began to run on the date of Federal's breach, not the date of Raymond James' loss.  Raymond James plainly brought this action within the five years of Federal's breach of the Bonds.

Alternatively, Federal contended that Raymond James' claim is barred by the two-year suit limitation imposed by the Bonds.  Florida law is clear, however, that any contract provision that seeks to reduce the limitations period is void.  *See* Fla. Stat. 95.03 ("Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void"); *Montroy v. State Farm. Mut. Auto. Ins. Co.*, No. 8:12-CV-1871-T-24EAJ, 2012 WL 4746407, at *4 (M.D. Fla. Oct. 4, 2012) (limitations period in insurance policy reducing statute of limitations to two years was void under Florida law); *N.P.V. Realty Corp. v. Nationwide Mut. Assur. Co.*, No. 8:14–CV–03235–T–17MAP, 2015 WL 3494127, at * 4 (M.D. Fla. June 3, 2015) (provision in policy requiring legal action within five years of when loss occurred is void).

Simply put, an insurance policy that is subject to Florida law cannot reduce the statute of limitations to file an insurance coverage lawsuit to less than five years.  "Therefore, the Florida rule governing the statute of limitations for claims made under an insurance policy applies, and [Raymond James] ha[d] five years to bring suit." *Montroy*, 2012 WL 4746407.  Because Raymond James brought this action within five years of Federal's breach, Raymond James' claims are not barred by the applicable statute of limitations or the void contractual limitations period in the

---

11-61907-CIV-SEITZ/SIMONTON, 2012 WL 13008297 (S.D. Fla. Jan. 13, 2012) (claim for damages to property as a result of Hurricane Wilma).

Bonds. Raymond James thus is entitled to summary judgment on Federal's Twenty-Eighth Affirmative Defense.

## III.  CONCLUSION

For all the foregoing reasons, the Court should grant the Motion and enter a partial summary judgment in favor of Raymond James and against Federal on Federal's Seventh, Eighth, Ninth, Twenty-Second and Twenty-Eighth Affirmative Defenses.

Dated:  July 30, 2021.                                Respectfully submitted,

*/s/ Jason S. Mazer*
Jason S. Mazer, Esq.
Florida Bar No. 0149871
Joshua R. Alhalel, Esq.
Florida Bar No.  0016320
**CIMO MAZER MARK PLLC**
100 Southeast Second Street, Suite 3650
Miami, Florida  33131
Telephone: (305) 374-6481; Fax: (305)  374-6488
jmazer@cmmlawgroup.com
jalhalel@cmmlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, I electronically filed this Motion for Partial Summary Judgment Against Federal Insurance Company and Supporting Memorandum of Law with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on parties listed in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner.

*/s/ Jason S. Mazer*

## SERVICE LIST

| | |
|---|---|
| Kristina L. Marsh, Esq.<br>Florida Bar No. 0311080<br>**GORDON REES SCULLY MANSUKHANI**<br>601 S. Harbor Island Blvd., Suite 109<br>Tampa, FL 33602<br>Telephone (Main): 813-444-9700<br>Telephone (Direct) 813-523-4937<br>Facsimile: 813-377-3505<br>kmarsh@grsm.com<br>and<br>Scott L. Schmookler, Esq.<br>Sarah Riedl Clark, Esq.<br>**GORDON REES SCULLY MANSUKHANI**<br>One North Franklin, Suite 800<br>Chicago, IL 60606<br>Telephone: 312-980-6779<br>sschmookler@grsm.com<br>srclark@grsm.com<br><br>*Counsel for Federal Insurance Company* | James M. Kaplan, Esq.<br>Florida Bar No. 921040<br>**KAPLAN ZEENA LLP**<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida 33131<br>Telephone: (305) 530-0800<br>Facsimile: (305) 530-0801<br>James.kaplan@kaplanzeena.com<br>Elizabeth.salom@kaplanzeena.com<br>service@kaplanzeena.com<br>and<br>Michael Keeley, Esq.<br>John R. Riddle, Esq.<br>C. Adam Brinkley<br>**Clark Hill Strasburger**<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202-3794<br>Telelphone: (214) 651-4718<br>Facsimile: (214) 659-4121<br>mkeeley@clarkhill.com<br>jriddle@clarkhill.com<br>abrinkley@clarkhill.com<br><br>*Counsel for Beazley Insurance Company, Inc.* |
| E.A. "Seth" Mills, Jr., Esq.<br>Florida Bar No. 339652<br>Ryan J. Weeks, Esq.<br>Florida Bar No. 5 7 8 9 7<br>**MILLS PASKERT DIVERS**<br>100 N. Tampa Street, Suite 3700<br>Telephone: (813) 229-3500<br>Facsimile: (813) 229-3502<br>smills@mpdlegal.com<br>rweeks@mpdlegal.com<br>csoltis@mpdlegal.com<br><br>*Counsel for Travelers Casualty and Surety Company of America* | Dustin C. Blumenthal<br>Florida Bar No. 0149871<br>**Goldberg Segalla**<br>222 Lakeview Avenue, Suite 800<br>West Palm Beach, FL 33401<br>Telephone: (561) 618-4485<br>Facsimile: (561) 618-4549<br>dblumenthal@goldbergsegalla.com<br>lparker@goldbergsegalla.com<br>and<br>Stephen N. Dratch, Esq.<br>**Franzblau Dratch, P.C.**<br>354 Eisenhower Parkway<br>Livingston, New Jersey 07039<br>Telephone: (973) 992-3700<br><br>*Counsel for Great American Insurance Company* |