UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-21707-CV-MARTINEZ

RAYMOND JAMES FINANCIAL, INC.,

      Plaintiff,

vs.

FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; GREAT
AMERICAN INSURANCE COMPANY;
BEAZLEY INSURANCE COMPANY, INC.;
and ST. PAUL MERCURY INSURANCE
COMPANY,

      Defendants.

**PLAINTIFF RAYMOND JAMES FINANCIAL, INC.'S LOCAL RULE 56.1
STATEMENT OF MATERIAL FACTS IN SUPPORT OF
<u>MOTIONS FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff, Raymond James Financial, Inc. ("Raymond James"), by and through undersigned counsel and pursuant to S.D. Fla. L.R. 56.1, submits it Local Rule 56.1 Statement of Material Facts in support of Raymond James' Motions for Partial Summary Judgment against Defendants, Federal Insurance Company ("Federal"), Beazley Insurance Company, Inc. ("Beazley"), Travelers Casualty and Surety Company of America ("Travelers"), St. Paul Mercury Insurance Company ("St. Paul") and Great American Insurance Company ("GAIC") (collectively, the "Defendants"), and states:

**A. The Financial Institution Bonds**

1.    Raymond James purchased a series of Financial Institution Bonds from the Defendants providing a total of $60 million in "single loss" employee fidelity coverage as follows:

    a. Federal Insurance Company Bond No. 70436970, written on a co-surety basis with Beazley Insurance Company, Inc., with an effective date of October 1, 2015 through October 1, 2016, and a $10 million single loss limit of liability (the "Primary Bond");

    b. Travelers Casualty and Surety Company of America Policy No. 106384318, with an effective date of October 1, 2015 through October 1, 2016, and a $10 million single loss limit of liability (the "First Excess Bond");

    c. Federal Insurance Company Bond No. 82126526, with an effective date of October 1, 2015 through October 1, 2016, and a $10 million single loss limit of liability (the "Second Excess Bond");

    d. Federal Insurance Company Bond No. 82210871, written on a co-surety basis with Great American Insurance Company, with an effective date of October 1, 2015 through October 1, 2016, and a $20 million single loss limit of liability (the "Third Excess Bond"); and

    e. Beazley Insurance Company, Inc. Policy No. V1431F150301, with an effective date of October 1, 2015 through October 1, 2016, and a $10 million single loss limit of liability (the "Fourth Excess Bond") (collectively, the "Bonds").

True and correct copies of the Bonds, including all endorsements, are attached to the First Amended Complaint as Composite Exhibit "A." [ECF No. 39 at ¶ 74 and Ex. A thereto; ECF No. 46 at ¶ 74; ECF No. 47 at ¶ 74; ECF No. 48 at ¶ 74; ECF No. 49 at ¶ 74; ECF No. 51 at ¶ 74].

    2. The Primary Bond grants coverage for loss pursuant to the following fidelity insuring agreement:

> Loss resulting directly from dishonest or fraudulent acts committed by an Employee, acting alone or in collusion with others, with the intent:
>
> (a) To cause the Insured to sustain such loss, or
>
> (b) To obtain financial benefit for the Employee, or another person or entity."
>
> Notwithstanding the foregoing, however, it is agreed that with regard to Loans and Trading this bond covers only loss resulting directly from dishonest or fraudulent acts committed by an Employee with the intent to cause the Insured to sustain such loss and to obtain financial benefit for the Employee.

[ECF No. 39 at Ex. A, Primary Bond, Endorsement No. 3.].

3. The term "Employee" is defined in relevant part to include "a natural person in the service of the Insured, at any of the Insured's offices or premises covered hereunder whom the Insured compensates directly by salary or commissions and whom the Insured has the right to direct and control while performing services for the Insured." [*Id.* at Primary Bond, Conditions and Limitations, p. 6].

4. Joel Burstein ("Burstein") qualifies as an "Employee" of Raymond James under the Bonds. [ECF No. 39 at ¶ 12; ECF No. 46 at ¶ 12; ECF No. 47 at ¶ 12; ECF No. 48 at ¶ 12; ECF No. 49 at ¶ 12; ECF No. 51 at ¶ 12].

5. The Primary Bond is triggered when a loss is "discovered." The Primary Bond provides the following with respect to Discovery:

> This bond applies to loss discovered by the Vice President of Corporate Insurance and/or Legal Department of the Insured located at the Insured's principal address as stated in Item 1 of the Declarations during the Bond Period. Discovery occurs when the Vice President of Corporate Insurance and/or Legal Department of the Insured first becomes aware of facts that would cause a reasonable person to assume that a loss of a type covered by this bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.
>
> Discovery also occurs when the Vice President of Corporate Insurance and/or Legal Department of the Insured receives notice of an actual or potential claim in which it is alleged that the Insured is liable to a third party under circumstances which, if true, would constitute a loss under this bond.

[ECF No. 39 at Ex. A, Primary Bond, Endorsement No. 23].

### B. The Litigations and Court Approved Settlements

6. On April 12, 2016, the U.S. Securities and Exchange Commission ("SEC") initiated litigation against Ariel Quiros ("Quiros"), which resulted in the appointment of Michael Goldberg as Receiver for the Jay Peak limited partnerships and related entities (the "SEC Receiver"). [*SEC v. Quiros, et. al.*, Case No. 16-CV-21301-GAYLES (S.D. Fla.) at ECF Nos. 1 and 13].

3

7. Soon thereafter, numerous lawsuits were filed against Raymond James and Burstein, including an action filed by the SEC Receiver on May 20, 2016 [*Goldberg v. Raymond James Financial, Inc., et al.*, Case No. 1:16-CV-21831-JAL (S.D. Fla.) at ECF No. 1], and a consolidated class action lawsuit filed on May 3, 2016 by individual EB-5 investors who were seeking to recover, among other damages, the limited partnership funds that had been misappropriated by Burstein and Quiros using accounts at Raymond James. [*Daccache, et. al. v. Raymond James & Associates, Inc., et al.*, Case No. 1:16-CV-21575-FAM (S.D. Fla.) at ECF No. 1].

8. On April 13, 2017, Raymond James entered into a Settlement Agreement and Release with the SEC Receiver and class counsel (the "Settlement Agreement"). [*SEC v. Quiros, et. al.*, Case No. 16-CV-21301-GAYLES (S.D. Fla.) at ECF No. 315 and Exhibit "A" thereto]. The Settlement Agreement provided for the dismissal of all Jay Peak related civil litigation against Raymond James and a bar of future litigation (other than actions brought directly by government entities) in exchange for payment by Raymond James totaling $150,000,000. [*Id.*].

9. The Settlement Agreement, including the Bar Order, was approved by United States District Court Judge Gayles on June 30, 2017 [*SEC v. Quiros, et. al.*, Case No. 1:16-cv-21301-DPG (S.D. Fla.) at ECF No. 353] and became final and non-appealable on August 30, 2017. *See* Fed. R. App. 4(a)(1)(B).

**C. Raymond James' Claim Under the Bonds and this Lawsuit**

10. On or about May 4, 2016, Raymond James' Legal Department received notice that the *Daccache* lawsuit had been filed against Raymond James and Burstein. *See* [Raymond James' Notice of Serving Amended Responses and Objections to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8 and 11 of Defendant Beazley Insurance Company, Inc.'s First Set of Interrogatories at No. 5, a copy

4

of which is attached hereto as Exhibit "A"]. At that time, Raymond James received notice of an actual claim in which it was alleged that Raymond James was liable to a third party under circumstances which, if true, would constitute a loss under the Bonds. [*Id.*].

11. Raymond James then provided notice to the Defendants of a claim under the Bonds on May 16, 2016. [Transcript from the Rule 30(b)(6) Deposition of Federal Insurance Company Representative Ken West taken on June 23, 2021 ("West Dep."), at pp. 113:22-114:1, attached hereto as Exhibit "B"; Transcript from the Deposition of Tracey Archbold/Corporate Representative of Great American Insurance Company taken on June 30, 2021 ("Archbold Dep.") at p. 70:9-19, attached hereto as Exhibit "C"; Transcript from the Deposition of Antonio Anthony Trotta III, as Rule 30(b)(6) Corporate Representative of Beazley Insurance Company, Inc. taken on July 21, 2021 ("Trotta Dep.") at pp. 68:22-69:4, attached hereto as Exhibit "D"].

12. Raymond James, as requested by the Defendants and pursuant to agreed-upon extensions, submitted a narrative sworn proof of loss on February 27, 2018. [Ex. B, West Dep. at pp. 127:5-15, 516:23-157:1; Ex. C, Archbold Dep. at 128:13-16; Ex. D, Trotta Dep. at 139:2-5].

13. On April 20, 2020, counsel for Defendant Federal Insurance Company, as the primary insurer in a follow form tower, sent a letter to Raymond James denying coverage under the Bonds. [Ex. B, West Dep. at p. 172:14-18]. Similar denial of coverage letters were sent by Travelers and St. Paul on April 22, 2020 [Transcript from the Deposition of Corporate Representative of Travelers Casualty & Surety Company of America/St. Paul Mercury Insurance Company, Matthew Kalin taken on July 8, 2021 ("Kalin Dep.") at 85:14-88, attached hereto as Exhibit "E"], by GAIC on April 29, 2020 [Ex. C, Archbold Dep. at p. 88:9-15], and by Beazley on June 1, 2020 [Ex. D, Trotta Dep. at p. 108:3-25].

14. Raymond James then filed this action against the Defendants on April 23, 2020. [ECF No. 1]. Raymond James filed a First Amended Complaint for Damages on July 8, 2020. [ECF No. 39]. In the lawsuit, Raymond James asserts claims for breach of contract and declaratory judgment [*Id.*], and seeks to recover the $60 million in "single loss" insurance coverage that Raymond James purchased from the Defendants under the Bonds at issue, together with pre-judgment and post-judgment interest, costs and attorneys' fees pursuant to Fla. Stat. § 627.428 and/or other applicable law. [*Id.*; *see also* Ex. A at No. 3].

Dated: July 30, 2021.                                   Respectfully submitted,

*/s/ Jason S. Mazer*
Jason S. Mazer, Esq.
Florida Bar No. 0149871
Joshua R. Alhalel, Esq.
Florida Bar No. 0016320
**CIMO MAZER MARK PLLC**
100 Southeast Second Street, Suite 3650
Miami, Florida 33131
Telephone: (305) 374-6481; Fax: (305) 374-6488
jmazer@cmmlawgroup.com
jalhalel@cmmlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, I electronically filed this Statement of Facts with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on parties listed in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner.

*/s/ Jason S. Mazer*

**SERVICE LIST**

| | |
|---|---|
| Kristina L. Marsh, Esq.<br>Florida Bar No. 0311080<br>**GORDON REES SCULLY MANSUKHANI**<br>601 S. Harbor Island Blvd., Suite 109<br>Tampa, FL  33602<br>Telephone (Main):  813-444-9700<br>Telephone (Direct)  813-523-4937<br>Facsimile:  813-377-3505<br>kmarsh@grsm.com<br>and<br>Scott L. Schmookler, Esq.<br>Sarah Riedl Clark, Esq.<br>**GORDON REES SCULLY MANSUKHANI**<br>One North Franklin, Suite 800<br>Chicago, IL  60606<br>Telephone:  312-980-6779<br>sschmookler@grsm.com<br>srclark@grsm.com<br><br>*Counsel for Federal Insurance Company* | James M. Kaplan, Esq.<br>Florida Bar No. 921040<br>**KAPLAN ZEENA LLP**<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida  33131<br>Telephone: (305)  530-0800<br>Facsimile: (305)  530-0801<br>James.kaplan@kaplanzeena.com<br>Elizabeth.salom@kaplanzeena.com<br>service@kaplanzeena.com<br>and<br>Michael Keeley, Esq.<br>John R. Riddle, Esq.<br>C. Adam Brinkley<br>**Clark Hill Strasburger**<br>901 Main Street, Suite 6000<br>Dallas, Texas  75202-3794<br>Telelphone:  (214)  651-4718<br>Facsimile:  (214) 659-4121<br>mkeeley@clarkhill.com<br>jriddle@clarkhill.com<br>abrinkley@clarkhill.com<br><br>*Counsel for Beazley Insurance Company, Inc.* |
| E.A. "Seth" Mills, Jr., Esq.<br>Florida Bar No. 339652<br>Ryan J. Weeks, Esq.<br>Florida Bar No.  5 7 8 9 7<br>**MILLS PASKERT DIVERS**<br>100 N. Tampa Street, Suite 3700<br>Telephone: (813) 229-3500<br>Facsimile: (813) 229-3502<br>smills@mpdlegal.com<br>rweeks@mpdlegal.com<br>csoltis@mpdlegal.com<br><br>*Counsel for Travelers Casualty and Surety Company of America* | Dustin C. Blumenthal<br>Florida Bar No. 0149871<br>**Goldberg Segalla**<br>222 Lakeview Avenue, Suite 800<br>West Palm Beach, FL  33401<br>Telephone: (561)  618-4485<br>Facsimile:  (561)  618-4549<br>dblumenthal@goldbergsegalla.com<br>lparker@goldbergsegalla.com<br>and<br>Stephen N. Dratch, Esq.<br>**Franzblau Dratch, P.C.**<br>354 Eisenhower Parkway<br>Livingston, New Jersey  07039<br>Telephone:  (973) 992-3700<br><br>*Counsel for Great American Insurance Company* |