# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 20-21707-CV-UNGARO**

RAYMOND JAMES FINANCIAL, INC.,

      Plaintiff,

vs.

FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; GREAT
AMERICAN INSURANCE COMPANY;
BEAZLEY INSURANCE COMPANY, INC.; AND
ST. PAUL MERCURY INSURANCE COMPANY,

      Defendants.

_____

**FEDERAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO**
**RAYMOND JAMES FINANCIAL, INC.'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Federal Insurance Company ("Federal") responds and objects to the First Request for Production served by Raymond James Financial, Inc. ("Raymond James") as follows:

**GENERAL OBJECTIONS**

Federal sets forth and incorporates herein its General Objections to each of Raymond James' Requests. These General Objections apply to each and every one of the individual Requests, whether or not specifically raised with respect to a particular Request.

1. Federal objects to the Requests to the extent that they seek to impose any obligations on Federal that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure or any other law or order that governs discovery in this matter.

2. Federal objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, vague or ambiguous, seek information or documents that are unrelated

1

to the matters at issue, or are not reasonably calculated to lead to the discovery of evidence that is relevant or admissible in a court proceeding.

3. Federal objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the joint defense privilege, or any other privileges, doctrines, rules, protections or immunities under any and all applicable law. Any inadvertent production of privileged information or documents shall not be deemed a waiver of any protection or privilege that might apply to such information or documents.

4. Federal objects to the Requests to the extent that the information or documents sought are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5. Federal objects to the Requests to the extent that they are not appropriately limited in scope.

6. Federal objects to the Requests to the extent that they seek information or documents not within Federal's possession, custody, or control, and to the extent that they require Federal to respond on behalf of persons or entities other than Federal.

7. Federal objects to the Requests to the extent that they seek information or documents generated or authored subsequent to service of the Requests or related to documents prepared, generated, or received in anticipation of litigation or after the commencement of this action.

8. Federal objects to the Requests to the extent that they seek information or documents protected from disclosure by any law, statute, or rule governing the privacy or confidentiality of information pertaining to Federal or any of its clients, by any protective orders

or non-disclosure agreements that are binding on Federal, or by any court orders restricting disclosure of information.

9. Federal objects to the Requests to the extent that they seek information or documents concerning any insurance policy other than the policy that was issued by Federal and identified in the Amended Complaint in this action on the grounds that they are overly broad, unduly burdensome, and seek information that is privileged and confidential or is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise stated, the responses herein relate only to the bonds issued by Federal and identified in the Amended Complaint in this action.

10. Federal objects to the Requests to the extent that they seek information or documents already in the possession or control of, or that is equally available to, Raymond James.

11. Federal objects to the Requests to the extent that they are unduly burdensome and are not limited to information that can be provided with reasonable effort and at a reasonable expense.

12. To the extent that information or documents are provided in response to the Requests, Federal specifically reserves its right to challenge the competency, relevancy, materiality, and admissibility of such information or documents in any subsequent proceeding or hearing, on any motion, or at the trial of this or any other action.

13. Any references to documents that Federal will produce shall not be taken as a representation that such documents or information exist, but rather as an undertaking to conduct a reasonable search, without undue burden, of the records, if any, maintained by Federal in the ordinary course of business that are likely to contain the requested information, and to produce the

relevant, non-confidential, non-privileged documents, if any, from which the responses to the Interrogatories may be derived or ascertained.

14. In addition to these General Objections, Federal reserves the right to make further objections and assertions of privilege as may be applicable.

15. Federal reserves the right to supplement, amend, or correct its responses upon discovery of further responsive non-objectionable information or documents. Federal, however, does not undertake any obligation to do so except as required by applicable law.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Federal objects to Raymond James' proposed definition of "Excess Insurers," as Federal and Beazley Insurance Company issued the Primary Bonds on a co-surety basis.

2. Federal objects to the time period for the requests from 2007 to the present as overboard as Raymond James does not seek recovery on bonds issued prior to 2016.

3. Federal objects to Raymond James' instructions to the extent that they seek to impose any obligations on Federal that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure or any other law or order that governs discovery in this matter.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** Your entire underwriting file(s) relating to the Bonds, including, but not limited to, the file folder(s) or file jacket(s) themselves, and all electronic notes, quotes, binders, papers, documents, investigative reports, memoranda, interoffice and intra-office memoranda or notes relating to the Bonds. This Request also includes (a) all documents, other than the Bonds themselves, relating to the solicitation, negotiation, terms, provisions, placement, broking, underwriting, procurement and issuance of the Bonds, and (b) all documents or correspondence relating to any versions, drafts, or forms proposed for the Bonds, and (c) all

documents that set forth Federal's internal standards for determining whether or not to underwrite or renew the Bonds.

> **Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss; it is overly burdensome and overbroad because it is not narrowly tailored to the unique facts of this case; and seeks information that is proprietary and confidential in nature.

**REQUEST NO. 2:** Your entire claim file(s) relating to the Claim made under the Bonds, including, but not limited to, the claims file folder(s) or jacket(s), all claim notes, documents, correspondence, memoranda, notes, daily diaries, statistical coding information, letters, emails, reports, records of phone calls, claim reviews, written statements, or other documents of any description, maintained at Your local, field, regional or home office(s) or held by any entity or person affiliated, contractually or otherwise, with You.  For purposes of this Request, "Claim File" includes, but is not limited to, the following: (a) all documents generated or received by You in connection with any notice(s), investigation(s), or evaluation(s) of the Claim; and (b) all documents reflecting positions or decisions made, of whatever kind, on coverage related to the Claim, and the identity of all decision makers.

> **Response:**   Objection.   This request is overbroad and unduly burdensome because it seeks documents already in Raymond James' possession or control, and seeks documents that are protected by the attorney-client privilege and work product doctrine.  Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

5

**REQUEST NO. 3:**   Certified Copies of each bond included in the definition of "Bonds" herein.

**Response:**   Federal will produce certified copies of the Bonds.

**REQUEST NO. 4:**   All documents referring or relating to proposed renewals and/or quotes made by You for insurance coverage under a financial institution bond issued to Raymond James.

> **Response:**   Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 5:**   All documents constituting, reflecting, referring or relating to the drafting, negotiation, and intended application of the language in Section 3 (Discovery) of the Primary Bonds.

> **Response:**   Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 6:**   All documents constituting, reflecting, referring or relating to the drafting, negotiation, and intended application of the language in Section 12 (Termination or Cancelation) of the Primary Bonds, as amended by Endorsement/Rider No. 23.

> **Response:**   Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 7:** All documents constituting, reflecting, referring or relating to the drafting, negotiation, and intended application of the term "reasonable person" in Endorsement/Rider No. 23 of the Primary Bonds.

> **Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 8:** All documents constituting, reflecting, referring or relating to the drafting, negotiation, and intended application of the term "Legal Department of the Insured" in Endorsement/Rider No. 23 of the Primary Bonds.

> **Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 9:** All documents constituting, reflecting, or otherwise referring or relating to any communications You had with any of the Excess Insurers, or the attorneys representing the Excess Insurers relating to or concerning the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

> **Response:** Objection. This request seeks information protected from disclosure by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce non-privileged documents contained in its claim file.

7

**REQUEST NO. 10:** Documents sufficient to identify the date You retained outside counsel with regard to the Claim and/or Proof of Loss.

**Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense and seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Further responding, and without waiving said objection, Federal will produce the non-privileged documents contained in its claim file.

**REQUEST NO. 11:** All documents constituting, reflecting or otherwise referring or relating to any Communications your outside coverage counsel had with any Excess Insurer, including without limitation any outside or inside coverage counsel for such Excess Insurer, concerning the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

**Response:** Objection. This request seeks information protected from disclosure by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file.

**REQUEST NO. 12:** All documents constituting, reflecting, or otherwise referring or relating to Your coverage position(s) on the Claim and/or Proof of Loss, including but not limited to any drafts, notes, reports, analyses, risk assessments, and communications concerning your position as set forth in your April 20, 2020 letter or otherwise.

**Response:** Objection. This request is overbroad and unduly burdensome because it seeks documents already in Raymond James' possession or control, and seeks documents that are protected by the attorney-client privilege and work product doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request. Federal reserves the right to rely upon any documents produced by Raymond James, any discovery exchanged, served or developed in this action or any other pleadings served or filed in this action.

**REQUEST NO. 13:** All and all agendas, minutes, notes, memos, and/or summaries from any meetings, telephone calls, and/or conferences regarding the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

> **Response:** Objection. This request is overbroad and unduly burdensome because it seeks documents already in Raymond James' possession or control, and seeks documents that are protected by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

**REQUEST NO. 14:** All documents not already provided to you by Raymond James, reflecting, referring or relating to any other litigation concerning the Jay Peak and/or the Claim, including but not limited to *Alexander Daccache, et al. vs. Raymond James & Associates, Ins.*, et al., Case N. 1:16-cv-21575-FAM, United States District Court for the Southern District of Florida; and *Securities and Exchange Commission v. Ariel Quiros*, et al., Case No. 1:16-cv-21301-DPG, United States District Court for the Southern District of Florida.

> **Response:** Objection. This request is overbroad and unduly burdensome because it seeks publicly-available documents already in Raymond James' control, for which the burden of production is substantially the same for all parties. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

**REQUEST NO. 15:** Any and all communications between You and Marsh, including any of its agents and/or employees, regarding the Bonds, the renewal of the Bonds, the language of the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

> **Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case,

9

considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss. Further responding, and without waiving said objection, Federal will produce the non-privileged communications contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

**REQUEST NO. 16:** All documents You sent to or received from any third party relating to the Bonds, the Claim, the Proof of Loss, Jay Peak, and or Joel Burstein.

**Response:** Objection. This request seeks documents that are protected by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request. Federal reserves the right to rely upon any documents produced by Raymond James, any discovery exchanged, served or developed in this action or any other pleadings served or filed in this action.

**REQUEST NO. 17:** All documents You relied on in evaluating your coverage obligations related to the Claim.

**Response:** Objection. This request is overbroad and unduly burdensome because it seeks documents already in Raymond James' possession and control, and seeks documents that are protected by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

**REQUEST NO. 18:** Any and all documents constituting, reflecting, or otherwise referring or relating to your quantification of the loss set forth in the Proof of Loss.

10

**Response:** Objection. This request is overbroad and unduly burdensome because it seeks documents already in Raymond James' possession and control, and seeks documents that are protected by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request. Federal reserves the right to rely upon any documents produced by Raymond James, any discovery exchanged, served or developed in this action or any other pleadings served or filed in this action.

**REQUEST NO. 19:** Any and all claim handling agreements between you and the Excess Insurers.

**Response:** Objection. This request seeks information protected from disclosure by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, none other than those provisions included in the Bonds.

**REQUEST NO. 20:** Any and all communications between You and any of your reinsurers relating to the Bonds, the Claim, the Proof of Loss, Jay Peak, and/or Joel Burstein.

**Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss.

**REQUEST NO. 21:** A complete organizational chart for Federal's underwriting department handling financial institution fidelity bonds, including any district, regional, and home offices.

**Response:** Objection. This request seeks information outside the scope of Rule 26 in that it is not reasonably calculated to lead to the discovery of information relevant to any viable claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the

11

discovery in resolving the relevant issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in that the handling of the claim is irrelevant to whether Raymond James can establish a covered loss; and it is overly burdensome and overbroad because it is not narrowly tailored to the unique facts of this case.

**REQUEST NO. 22:** A complete organizational chart for Federal's claims department that was involved in any way with the Claim.

**Response:** Federal will produce the relevant organizational charts for the claims department involved in the Claim.

**REQUEST NO. 23:** Documents sufficient to identify the individuals responsible for making the coverage decision with respect to the Claim.

**Response:** Objection. This request seeks documents that are protected by the attorney-client privilege and work product doctrine, as extended by the joint defense privilege and/or common interest doctrine. Further responding, and without waiving these objections, Federal will produce the non-privileged documents contained in its claim file Federal will produce the non-privileged documents contained in its claim file, with the exception of documents Raymond James produced to Federal (labeled RJ-POL 000001-155779). Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request.

**REQUEST NO. 24:** All documents identified in Your Rule 26 disclosures.

**Response:** Objection. This request is overbroad and unduly burdensome because it seeks publicly-available documents already in Raymond James' control, for which the burden of production is substantially the same for all parties, and documents in Raymond James' possession previously provided to Federal in support of the Claim. Further responding, and without waiving said objections, Federal will produce certified copies of the Bonds, non-privileged documents in its claim file and non-privileged correspondence between the parties. Documents Raymond James produced to Federal (labeled RJ-POL 000001-155779) will be made available for copying and inspection upon request. Federal reserves the right to rely upon any documents produced by Raymond James, any discovery exchanged, served or developed in this action or any other pleadings served or filed in this action.

**REQUEST NO. 25:** All documents supporting or relating to any affirmative defense asserted by You in response to Raymond James' Complaint.

**Response:** Objection. This request is overbroad and unduly burdensome because it seeks documents in Raymond James' possession. Further responding, and without waiving said objection, Federal will produce certified copies of the Bonds and non-privileged documents in its claim file upon request. Federal reserves the right to rely upon any documents produced by Raymond James, any discovery exchanged, served or developed in this action or any other pleadings served or filed in this action.

September 10, 2020

Respectfully submitted,
GORDON & REES, LLP

By: /s/ Scott L. Schmookler
Scott L. Schmookler
Sarah R. Clark
1 N. Franklin, Suite 800
Chicago, IL 60606
T: (312) 565-1400
F: (312) 565-6511
sschmookler@grsm.com
srclark@grsm.com
*Attorneys for Federal Insurance Company*