# EXHIBIT 2

**File Note Title:** Coverage Issues
**Create Date:** 1/12/2017 4:27 PM
**Author:** KENNETH WEST
**File Note Text:**
1) Did any employee engage is a dishonest or fraudulent act. Burstein is a registered rep and would be an Employee under the policy by endorsement. There were other managers/supervisors involved. The the only allegation that could be considered a dishonest act is the allegation that Burstein knew that the funds that were being co-mingled and were withdrawn by Quiros were not permitted to be used for the purposes they were being withdrawn for. There is no other evidence that any employee engaged in a fraudulent or dishonest act. Further, the insured has stated that it's their opinion that no employee has engaged in any fraudulent activity as a result of this matter.

2) Did they obtain a personal financial benefit to which they were not entitled or did they intend to cause cause the insured to sustain a direct loss.

There is no evidence that any employee intended or received any personal financial benefit. There is no evidence that they intended to cause RJ to sustain a loss and therefore there is no direct loss. If anything, they would've caused the investors to sustain a loss whose funds were held in the accounts. Therefore this would be a third-party liability loss and not a direct loss under the bond.

3) Exclusion (I) excludes loss loss resulting directly or indirectly from transactions in a customer's account, whether authorized or unauthorized, **except the unlawful withdrawal and conversion of Money, securities or precious metals, directly from a customer's account by an Employee provided such unlawful withdrawal and conversion is covered under Insuring Agreement (A);**

In this case, the money was not withdrawn directly from a customer's account by Burstein or any other RJ employee. The money was commingled between accounts and withdrawn by Quiros for his personal benefit.