# EXHIBIT 8

```
                                                          Page 1

 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2
                 Case No.:  20-21707-CV-UNGARO
 3
     RAYMOND JAMES FINANCIAL, INC.,
 4
 5
          Plaintiff,
 6
     vs.
 7
     FEDERAL INSURANCE COMPANY;
 8   TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA;
     GREAT AMERICAN INSURANCE COMPANY; and
 9   BEAZLEY INSURANCE COMPANY, INC.; and
     ST. PAUL MERCURY INSURANCE COMPANY,
10
          Defendants.
11   _____
12          V I D E O T A P E D   D E P O S I T I O N
13                         o f
14                      CLAY GRUMKE
15           taken on behalf of the Defendants
16
          DATE:           June 17, 2021
17
          TIME:           9:01 a.m. to 5:56 p.m. (CST)
18
          PLACE:          Zoom Videoconference
19
20
21        BEFORE:         PHILIP RYAN, RPR
                          Notary Public - State of
22                        Florida at Large
23
24
25      Job No. CS4614201
```

Page 15

1   investigations, reviewing information that came into the
2   firm by way of customer inquiries, reviewing testimony,
3   and attending testimony of individual employees and
4   other witnesses in regulatory proceedings, my handling
5   of arbitration hearings as first-chair counsel, and
6   reviewing the facts and circumstances around those
7   situations.  The witness testimony reviewed, witness
8   testimony taken.  The involvement in securities industry
9   conferences, in speaking in security industry
10  conferences on various topics, attending Security
11  Institute -- Security Industry Institute at the Wharton
12  School of Business at the University of Pennsylvania,
13  and a number of other things during my time period
14  working in the securities industry put me in a position
15  to think and apply and analyze as a reasonable person
16  would.
17      Q    Prior to your engagement in this matter, have
18  you ever reviewed a financial institution bond like the
19  bonds issued to Raymond James?
20      A    No.  Other than I had reviewed bonds as an
21  in-house counsel, but not -- not to opine on or testify
22  about but simply in conjunction with my performance of
23  my duties as in-house counsel.
24      Q    How would you have reviewed a financial
25  institution bond in connection with your duties as an

Page 28

1    had through either working with our insurance areas
2    on -- on potential notice to insurance carriers.
3    So my experience is within the securities industry.
4  BY MS. CLARK:
5    Q    So you have no experience or expertise
6  regarding how notice or the phrase "potential claim"
7  would be construed under a financial institution bond;
8  correct?
9         MR. ALHALEL:  Object to the form.
10        THE WITNESS:  I've not -- I've not worked for
11   an insurance company, nor have I practiced in that
12   area, worked in that area.
13 BY MS. CLARK:
14   Q    So was my statement correct, that you have
15 no --
16   A    Yes.
17   Q    -- experience --
18        MR. ALHALEL:  Same objection.
19        MS. CLARK:  -- interpreting -- hold on.  I'll
20   just start over.
21        MR. ALHALEL:  Sorry.  He was answering it, so
22   I wanted to get the objection in.
23        MS. CLARK:  No worries.  I understand.
24 BY MS. CLARK:
25   Q    So is the answer to my question correct, that

Page 249

1    became part of your firm that you're with now, you were
2    working for financial institutions; is that correct?
3         A    Yes.
4         Q    Okay.  And you've never worked for an
5    insurance company, have you?
6         A    No, I have not.
7         Q    And you've never been a risk manager either
8    for a financial institution or for an insurance company;
9    correct?
10        A    That's correct.
11        Q    And you've obviously never been a claim
12   handler or an underwriter at an insurance company;
13   correct?
14        A    That's correct.
15        Q    Okay.  And you don't have any personal
16   knowledge of the facts that are relevant to this case;
17   is that correct?
18        A    That's correct.
19        Q    Okay.  And you're not a -- you're not an
20   insurance expert, are you?
21        A    No, I am not.
22        Q    What kind of expert do you consider yourself
23   to be?
24        A    I think -- well, for this case, I'm an expert
25   on the -- the in-house counsel, what they do, what their