# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  1:20-cv-21707-UU**

RAYMOND JAMES FINANCIAL, INC.,

      Plaintiff,

vs.

FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA;
GREAT AMERICAN INSURANCE COMPANY; and
BEAZLEY INSURANCE COMPANY, INC.

      Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**
**GREAT AMERICAN INSURANCE COMPANY**

Plaintiff, Raymond James Financial, Inc., by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant **GREAT AMERICAN INSURANCE COMPANY** produce the documents set forth on Schedule A attached hereto at the offices of Cimo Mazer Mark PLLC, 100 Southeast Second Street, Suite 3650, Miami, Florida  33131, within thirty (30) days of service of this request.

Dated:  June 28, 2020.                Respectfully submitted,

                                   */s/ Jason S. Mazer*
                                   Jason S. Mazer, Esq.
                                   Florida Bar No. 0149871
                                   Joshua R. Alhalel, Esq.
                                   Florida Bar No.  0016320

**CIMO MAZER MARK PLLC**
100 Southeast Second Street, Suite 3650
Miami, Florida  33131
Telephone: (305) 374-6481
Fax: (305)  374-6488
jmazer@cmmlawgroup.com
jalhalel@cmmlawgroup.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon all

parties on the attached Service List this 28th day of  June, 2020.

By: <u>*/s/ Jason S. Mazer*</u>
          Jason S. Mazer Esq.
          Email: jmazer@cmmlawgroup.com

2

## SCHEDULE A

## DEFINITIONS

A.      "Raymond James" means Raymond James Financial, Inc.

B.      "You," "Your," and/or "Great American" means Great American Insurance Company, and any of their predecessors, successors, corporate parents, divisions, subgroups, subsidiaries or affiliates, including its members and parent companies, agents, employees, officers, servants, agents, legal counsel (both in-house and outside attorneys), independent contractors, consultants, and all other persons acting or purporting to act on Your behalf, as well as any of Your past  agents,  employees, officers, servants, agents, legal counsel (both in-house and outside attorneys), independent contractors, and consultants.

C.      "Primary Bonds" mean Federal Insurance Company Bond No. 70436970, written on a co-surety basis with Beazley Insurance Company, Inc., with an effective date of October 1, 2015 through October 1, 2016;   Federal Insurance Company Bond No. 70436970,  written on a co-surety basis with Beazley Insurance Company, Inc., with an effective date of October 1, 2014 through October 1, 2015;  and Federal Insurance Company Bond No. 70436970,  written on a co-surety basis with Beazley Insurance Company, Inc., with an effective date of October 1, 2013 through October 1, 2014.

D.      "Great American Bonds" means Federal Insurance Company Bond No. 82210871, written on a co-surety basis with Great American Insurance Company, with an effective date of October 1, 2015 to October 1, 2016;  Federal Insurance Company Bond No. 82210871, written on a co-surety basis with Great American Insurance Company, with an effective date of October 1, 2014 to October 1, 2015; and Federal Insurance Company Bond No. 82210871, written on a co-surety basis with Great American Insurance Company, with an effective date of October 1, 2013 to October 1, 2014.

E.      "Bonds" means collectively the Primary Bonds and Great American Bonds.

F.      "Other Insurers" means Federal Insurance Company, Travelers  Casualty and Surety Company of America; and Beazley Insurance Company,  and their respective predecessors, successors, corporate parents, divisions, subgroups, subsidiaries or affiliates, including its members and parent companies, agents, employees, officers, servants, agents, legal counsel (both in-house and outside attorneys), independent contractors, consultants, and all other persons acting or purporting to act on their behalf, as well as any of their past  agents,  employees, officers, servants, agents, legal counsel (both in-house and outside attorneys), independent contractors, and consultants

G.      "Proof of Loss" means the Proof of Loss submitted to You and the Other Insurers by Raymond James Financial, Inc., dated February 27, 2018.

H.      "Claim" means the claim of Raymond James Financial, Inc. under the Bonds and assigned Claim Nos. 060016006784;  060016006788; and 060016006791 by Federal Insurance Company.

I.      "Jay Peak" means individually or collectively, Ariel Quiros;  William Stenger;  Jay Peak, Inc.;  Q Resorts, Inc.;  Jay Peak Hotel Suites L.P.;  Jay Peak Hotel Suites Phase II L.P.;  Jay Peak Management, Inc.;  Jay Peak Penthouse Suites L.P.;  Jay Peak GP Services, Inc.;  Jay Peak Golf and Mountain Suites L.P.;  Jay peak GP Services Golf, Inc.;  Jay Peak Lodge and Townhouses L.P.;  Jay Peak GP Services Lodge, Inc.;  Jay Peak Hotel Suites Stateside L.P.;  Jay Peak GP Services Stateside, Inc.;  Jay Peak Biomedical Research Park L.P.; and AnC Bio Vermont GP Services, LLC.

J.      "Joel Burstein" means Joel Burstein, former employee of Raymond James.

K.      "Marsh" means Marsh USA, Inc. and its agents and employees.

L.      "Guidelines" means Your written policies and procedures setting forth any policies, practices, and procedures, including but not limited to, manuals, instructional materials, booklets, policies, memoranda, operation guides, training manuals and materials, brochures, Powerpoints, bulletins, internal newsletters, emails, directives, guidance documents, and any other writings, guidance or reference documents (including documents maintained in electronic form).

M.      The terms "document" or "documents" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes, but is not limited to, the original and each non-identical copy of any written, typed, printed, recorded, or graphic matter, or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, however produced, reproduced, or stored, in your actual or constructive possession, custody, or control, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, electronic mail, text messages, instant messages, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, records of meetings, summaries of conversations, communications, interoffice and intra-office telephone calls, diaries, claim diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic computer, mechanical, or electric records or representations of any kind (including, without limitation, tapes, cassettes, computer discs and records).  If data is stored on computer or electronic media (inter-company email, for example), it is requested that You produce PDFs and of each document and all attachments..

N.     The terms "document" or "documents" specifically includes electronically stored information ("ESI"), including information created, manipulated, communicated, stored, and utilized in digital form, including, but not limited to, computer hardware and software, primary files, copies, versions, metadata, application software, system data, legacy data, backup data. For any ESI, it is requested that such information be produced as follows: 1) email shall be produced in personal storage table (PST) format with all applicable metadata (including complete header data in addition to the To/From/Date/Subject items); word processing documents shall be produced in native format with all applicable metadata (including originating path and filename, and origination MAC dates for each file); voice mail messages shall be produced in WAV file format with all applicable metadata (e.g., date and time of voice message, mailbox user name, sender's name and forwarding of message information); all other ESI shall be produced in the form that it is kept in the ordinary course of business; i.e., its native format, together with any necessary application software or other programs to enable us to read and copy the information unless the parties subsequently agree to the form/format of production upon the receipt of the information necessary to permit us to make that election.

O.     The phrase "all documents" means every document or group of documents as above defined that are known to You or that can be located or discovered by reasonably diligent efforts.

P.     "Communication" or "communications" mean any oral or written transmittal of information, exchange by words or thoughts or ideas to another Person, whether person-to-person, in a group, in a meeting, by telephone, via internal record keeping systems such as electronic notes, by letter, by email, by facsimile, or by any other process, electronic or otherwise, including without limitation any tape recordings or any writings, printed, typed, handwritten or other readable correspondence, facsimiles, memos, reports, contracts, diaries, logbooks, minutes, notes, studies, surveys and forecasts, including any electronically-stored information.

Q.     The terms "person" or "persons" means any natural person, individual, employee, attorney, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

R.     The terms "relating to," "relate to," "related to," "concerning" and/or "concern" mean contains, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, controverts, contradicts, arising out of, involving, consisting of, supporting, prepared in connection with, used in preparation for, commenting upon, embodying, summarizing, describing, recording, mentioning, or being in any way legally, logically, or factually connected with or pertaining to, in whole or in part, the matter discussed.

S.      As used herein the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter pronouns shall include each of the other genders.

## INSTRUCTIONS

A.      When producing documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the names of the documents being produced.

B.      The requested form of production is PDF Format, with one document per PDF. For emails and other documents with attachments, please include all such attachments and append the attachments behind the document they are attached.

C.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

D.      If any documents responsive to these Requests are no longer in your possession, please indicate:

i)      when you possessed, examined, received, or were aware of any such documents;

ii)     where you possessed, examined, viewed, or knew they were kept;

iii)    where any such documents may be at present, to the best of your knowledge;

iv)     if any such documents were destroyed, state when, where, by whom, in what manner, and the reason for their destruction.

E.      In the event any Request calls for production of information that you contend is privileged, attorney work product or trial preparation materials, in whole or in part, the information should be given to the fullest extent possible consistent with such claim of privilege. If privilege is claimed as to a document, at least the following information should be furnished: the nature, date, subject matter, and author of the document, as well as the names and job titles of all persons to whom the document was directed, addressed or received, and the paragraph of this discovery request to which the document responds. You are further required to set forth as to any document for which a privilege or immunity is claimed: the nature of the privilege or immunity claimed, the grounds relied upon for the claim (with specificity), the person who claims the

6

privilege or immunity, and whether there has been any waiver.  If there has been a waiver, provide a detailed description of the circumstances surrounding the waiver.

F.      This Request for Production shall be deemed to be continuing, and it is requested that you serve upon us by supplementary responses any information requested herein which is unavailable at the time responses hereto are submitted, but which becomes available to you prior to the termination of this case.

G.      Unless indicated otherwise, the time period for these requests is 2007 to the present.


## DOCUMENTS REQUESTED

1.      Your entire underwriting file(s) relating to the Bonds, including, but not limited to, the file folder(s) or file jacket(s) themselves, and all electronic notes, quotes, binders, papers, documents, investigative reports, memoranda, interoffice and intra-office memoranda or notes relating to the Bonds.  This Request also includes (a) all documents, other than the Bonds themselves, relating to the solicitation, negotiation, terms, provisions, placement, broking, underwriting, procurement and issuance of the Bonds, and (b) all documents or correspondence relating to any versions, drafts, or forms proposed for the Bonds, and (c)  all documents that set forth Great American's internal standards for determining whether or not to underwrite or renew the Bonds.

2.      Your entire claim file(s) relating to the Claim made under the Bonds, including, but not limited to, the claims file folder(s) or jacket(s), all claim notes, documents, correspondence, memoranda, notes, daily diaries, statistical and coding information, letters, emails, reports, records of phone calls, claim reviews, written statements, or other documents of any description, maintained at Your local, field, regional or home office(s) or held by any entity or person affiliated, contractually or otherwise, with You.   For purposes of this Request, "Claim File" includes, but is not limited to, the following: (a) all documents generated or received by You in connection with any notice(s),

investigation(s), or evaluation(s) of the Claim; and (b) all documents reflecting positions or decisions made, of whatever kind, on coverage related to the Claim, and the identity of all decision makers.

3.      Certified Copies of each bond included in the definition of "Great American Bonds" herein.

4.      All documents referring or relating to proposed renewals and/or quotes made by You for insurance coverage under a financial institution bond issued to Raymond James.

5.      All documents constituting, reflecting, referring or relating to the drafting, negotiation, and intended application of the language in Section 3 (Discovery) of the Primary Bonds.

6.      All documents constituting, reflecting, or otherwise referring or relating to the drafting, negotiation, and intended application of the language in Section 12 (Termination or Cancelation) of the Primary Bonds, as amended by Endorsement/Rider No. 23.

7.      All documents constituting, reflecting, or otherwise referring or relating to the drafting, negotiation, and intended application of the term "reasonable person" in Endorsement/Rider No. 23 of the Primary Bonds.

8.      All documents constituting, reflecting, or otherwise referring or relating to the drafting, negotiation, and intended application of the term "Legal Department of the Insured" in Endorsement/Rider No. 23 of the Primary Bonds.

9.      All documents constituting, reflecting, or otherwise referring or relating to any communications You had with any of the Other Insurers, or the attorneys representing the Other Insurers relating to or concerning the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

10.      Documents sufficient to identify the date You retained outside counsel with regard to the Claim and/or Proof of Loss.

11.     All documents constituting, reflecting, or otherwise referring or relating to any Communications your outside coverage counsel had with any Other Insurer, including, without limitation, any outside or inside coverage counsel for such Other Insurer, concerning the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

12.     All documents constituting, reflecting, or otherwise referring or relating to Your coverage position(s) on the Claim and/or Proof of Loss, including, but not limited to, any drafts, notes, reports, analyses, risk assessments, and communications concerning your position.

13.     Any and all agendas, minutes, notes, memos, and/or summaries from any meetings, telephone calls, and/or conferences regarding the Bonds, the Claim, the Proof of Loss, Jay Peak and/or Joel Burstein.

14.     All documents, not already provided to you by Raymond James, reflecting, referring, or relating to any other litigation concerning the Jay Peak and/or the Claim, including but not limited to *Alexander Daccache, et al. vs. Raymond James & Associates, Inc.*, et al., Case N. 1:16-cv-21575-FAM, United States District Court for the Southern District of Florida; and *Securities and Exchange Commission v. Ariel Quiros*, et al., Case No. 1:16-cv-21301-DPG, United States District Court for the Southern District of Florida.

15.     Any and all communications between You and Marsh, including any of its agents and/or employees, regarding the Bonds, the renewal of the Bonds, the language of the  Bonds, the Claim, the Proof of Loss, Jay Peak, and/or Joel Burstein.

16.     All documents You sent to or received from any third party relating to the Bonds, the Claim, the Proof of Loss, Jay Peak, and/or Joel Burstein.

17.     All documents You relied on in evaluating your coverage obligations related to the Claim.

9

18.     Any and all documents constituting, reflecting, or otherwise referring or relating to your quantification of the loss set forth in the Proof of Loss.

19.     Any and all claim handling agreements between you and the Other Insurers.

20.     Any and all communications between You and any of your reinsurers relating to the Bonds, the Claim, the Proof of Loss, Jay Peak, and/or Joel Burstein.

21.     A complete organizational chart for Great American's underwriting department handling financial institution fidelity bonds, including any district, regional, and home offices.

22.     A complete organizational chart for Great American's claims department that was involved in any way with the Claim.

23.     Documents sufficient to identify the individuals responsible for making any of Your coverage decisions with respect to the Claim.

24.     All documents identified in Your Rule 26 Disclosures.

25.     All documents supporting or relating to any affirmative defense asserted by You in response to Raymond James' Complaint.

**SERVICE LIST**

| | |
|---|---|
| Kristina L. Marsh, Esq.<br>Florida Bar No. 0311080<br>**GORDON REES SCULLY MANSUKHANI**<br>601 S. Harbor Island Blvd., Suite 109<br>Tampa, FL  33602<br>Telephone (Main):  813-444-9700<br>Telephone (Direct)  813-523-4937<br>Facsimile:   813-377-3505<br>kmarsh@grsm.com<br>and<br>Scott L. Schmookler, Esq.<br>Sarah Riedl Clark, Esq.<br>**GORDON REES SCULLY MANSUKHANI**<br>One North Franklin, Suite 800<br>Chicago, IL  60606<br>Telephone:  312-980-6779<br>sschmookler@grsm.com<br>srclark@grsm.com<br><br>*Counsel for Federal Insurance Company* | James M. Kaplan, Esq.<br>Florida Bar No. 921040<br>**KAPLAN ZEENA LLP**<br>2 South Biscayne Boulevard, Suite 3050<br>Miami, Florida  33131<br>Telephone: (305)  530-0800<br>Facsimile: (305)  530-0801<br>James.kaplan@kaplanzeena.com<br>Elizabeth.salom@kaplanzeena.com<br>service@kaplanzeena.com<br>and<br>Michael Keeley, Esq.<br>John R. Riddle, Esq.<br>C. Adam Brinkley<br>**Clark Hill Strasburger**<br>901 Main Street, Suite 6000<br>Dallas, Texas  75202-3794<br>Telelphone:  (214)  651-4718<br>Facsimile:   (214) 659-4121<br>mkeeley@clarkhill.com<br>jriddle@clarkhill.com<br>abrinkley@clarkhill.com<br><br>*Counsel for Beazley Insurance Company, Inc.* |
| E.A. "Seth" Mills, Jr., Esq.<br>Florida Bar No. 339652<br>Ryan J. Weeks, Esq.<br>Florida Bar No.  5 7 8 9 7<br>**MILLS PASKERT DIVERS**<br>100 N. Tampa Street, Suite 3700<br>Telephone: (813) 229-3500<br>Facsimile: (813) 229-3502<br>smills@mpdlegal.com<br>rweeks@mpdlegal.com<br>csoltis@mpdlegal.com<br><br>*Counsel for Travelers Casualty and Surety Company of America* | Dustin C. Blumenthal<br>Florida Bar No. 0149871<br>**Goldberg Segalla**<br>222 Lakeview Avenue, Suite 800<br>West Palm Beach, FL  33401<br>Telephone: (561)  618-4485<br>Facsimile:  (561)  618-4549<br>dblumenthal@goldbergsegalla.com<br>lparker@goldbergsegalla.com<br>and<br>Stephen N. Dratch, Esq.<br>**Franzblau Dratch, P.C.**<br>354 Eisenhower Parkway<br>Livingston, New Jersey  07039<br>Telephone:  (973) 992-3700<br><br>*Counsel for Great American Insurance Company* |