UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-21707-CV-MARTINEZ-BECERRA

**RAYMOND JAMES FINANCIAL, INC.,**

       **Plaintiff,**

vs.

**FEDERAL INSURANCE COMPANY;
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA; GREAT
AMERICAN INSURANCE COMPANY;
BEAZLEY INSURANCE COMPANY, INC.;
AND ST. PAUL MERCURY INSURANCE
COMPANY**

       **Defendants.**

---

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION IN LIMINE**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii
TABLE OF AUTHORITIES ................................................................................................... iii
INTRODUCTION ...................................................................................................................... 1
ARGUMENT ............................................................................................................................... 1
    I.    UNPROVEN ALLEGATIONS IN THIRD-PARTY COMPLAINTS AND A SETTLEMENT ARE INADMISSIBLE TO PROVE A COVERED LOSS ............................ 1
    II.    SETTEMENT OF THE SEC'S UNPROVEN ALLEGATIONS IS NOT ADMISSIBLE EVIDENCE OF DISHONESTY. ................................................................................. 3
    III.    HAVING ASSERTED PRIVILEGE OVER SETTLEMENT AND ITS DEFENSE, RJF CANNOT CALL ITS ATTORNEYS ON THOSE SUBJECTS. ............................................. 4
    IV.    CLAIMS HANDLING IS IRRELEVANT TO WHETHER RJF CAN PROVE A LOSS COVERED UNDER THE BONDS. ............................................................................. 5
    V.    RJF'S PROOF OF LOSS IS INADMISSIBLE HEARSAY AND MORE PREJUDICIAL THAN PROBATIVE. ......................................................................... 6
    VI.    MARK BARRACCA CANNOT DISCLOSE CONFIDENTIAL INFORMATION. ...... 7
    VII.    UNAUTHENTICATED HEARSAY COMMUNICATIONS BETWEEN QUIROS AND BURSTEIN ARE INADMISSIBLE. ................................................................. 7
    VIII.    TESTIMONY OF RJF'S UNDISCLOSED WITNESSESS SHOULD BE EXCLUDED. ....................................................................................................................... 8
    IX.    UNDISCLOSED OPINION TESTIMONY OF NON-RETAINED EXPERTS SHOULD BE EXCLUDED. .......................................................................................... 9
    X.    BURSTEIN'S JUNE 16, 2008 EMAIL AND FEBRUARY 29, 2012 LETTER ARE MORE PREJUDICIAL THAN PROBATIVE. ............................................................. 9
CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*A.T.O. Golden Constr. v. Allied World Ins. Co.*, 2018 WL 5891494 (S.D. Fla. Nov. 9, 2018) ..... 9
*Adrion v. Knight*, 2009 WL 3254342 (D. Mass. Sept. 9, 2009) ........................................................ 8
*Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 794328 (N.D. Cal. Feb. 25, 2014) ......... 4
*Bowe v. Public Storage*, 2015 WL 10857339 (S.D. Fla. June 2, 2015) .......................................... 2
*Burgess v. Allstate Ins. Co.*, 334 F. Supp. 2d 1351 (N.D. Ga. 2003) ............................................... 6
*Castellanos v. Portfolio Rec. Assoc.*, 2017 WL 7796303 (S.D. Fla. Oct. 31, 2017) ...................... 3
*City of Baton Rouge v. Bank of America*, 2021 WL 1201664 (M.D. La., 2021) ............................ 8
*Companhia v. Caterpillar*, 2016 WL 7507848 (S.D. Fla. Aug. 1, 2016) ....................................... 9
*Diamond v. Aaronson*, 2019 WL 1974833 (M.D. Fla. Mar. 13, 2019) ........................................... 9
*Dixon v International Federation of Accountants*, 2010 WL 1424007 (S.D.N.Y. Apr. 9, 2010) .. 6
*GAB Bus. v. Syndicate 627*, 809 F.2d 755 (11th Cir. 1987) .......................................................... 5
*Goussen v. Mendez Fuel*, 2018 WL 5831084 (S.D. Fla. Nov. 7, 2018) ......................................... 2
*In re Harmony Hold.*, 393 B.R. 409 (Bankr. D.S.C. 2008) ............................................................. 6
*MacDonald v. Ford Motor*, 142 F. Supp. 3d 884 (N.D. Cal. 2015) .............................................. 6
*Molinos v. Lama*, 2008 WL 11333562 (S.D. Fla., Oct. 30, 2008) ................................................. 2
*Montgomery v. Brickell Place*, 2012 WL 1203837 (S.D. Fla. Apr. 11, 2012) ............................... 9
*MRM Rest. v. Frontline Ins.*, 2020 WL 5881050 (N.D. Fla. May 29, 2020) .................................. 6
*Myers v. Bowman*, 713 F.3d 1319 (11th Cir. 2013) ....................................................................... 7
*Ostrow v. Globecast Am.*, 825 F. Supp. 2d 1267 (S.D. Fla. 2011) ................................................. 3
*Raymond Nahmad v. Hartford Cas. Ins.*, 2020 WL 6392841 (S.D. Fla. Nov. 2, 2020) ................. 2
*Rios v. MSC Cruises*, 2020 WL 8613280 (S.D. Fla. Nov. 13, 2020) ............................................. 4
*Royal Bahamian Ass'n. v. QBE Ins.*, 745 F. Supp. 2d 1380 (S.D. Fla. 2010) ................................ 5
*Salinero v. Johnson & Johnson*, 2019 WL 7753445 (S.D. Fla. Sept. 25, 2019) ............................ 2
*Schafer v. Time*, 142 F.3d 1361 (11th Cir. 1998) .......................................................................... 4
*Smith v. Armour Pharm.*, 838 F. Supp. 1573 (S.D. Fla. 1993) ...................................................... 7
*Steed v. EverHome Mortg.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009) ...................................... 2
Thornton v. J Jargon, 580 F. Supp. 2d 1261 (M.D. Fla. 2008) ....................................................... 9
*Tim Hortons v. Singh,* 2017 WL 4837552 (S.D. Fla. Oct. 25, 2017) ............................................. 9
*U.S. Paloscio,* 2002 WL 1359723 (S.D.N.Y. June 21, 2002) ........................................................ 8
*U.S. v. Arias*, 431 F.3d 1327 (11th Cir. 2005) ............................................................................... 3
*U.S. v. Best,* 219 F.3d 192 (2d Cir. 2000) ...................................................................................... 8
*U.S. v. Cook*, 557 F.2d 1149 (5th Cir. 1977) .............................................................................. 3, 4
*U.S. v. Goad*, 739 F. Supp. 1459 (D. Kan. 1990) .......................................................................... 6
*U.S. v. Kadir*, 718 F.3d 115 (2d Cir. 2013) .................................................................................... 8

## INTRODUCTION

Raymond James Financial ("RJF") accused Joel Burstein of conspiring with Ariel Quiros despite lacking a single percipient witness willing to support its accusations. RJF tries to create a false impression of wrongdoing with unproven allegations in third-party complaints, inadmissible settlements, inadmissible hearsay, and misleading characterizations of disclosed transactions. Contrary to RJF's suggestion, Defendants did not file a motion *in limine* to challenge the merits of RJF's allegations, but instead to ensure that any trial is decided based upon admissible evidence. Faced with established precedent, RJF glosses over the Federal Rules of Evidence and asks this Court to taint the jury with patently inadmissible allegations and evidence – in the obvious hope that a jury will render a favorable verdict based upon inadmissible evidence. Applying established precedent, this Court should preclude RJF from sowing confusion and offering inadmissible hearsay, undisclosed witnesses and opinions, false accusations and other inadmissible evidence.

## ARGUMENT

RJF disputes whether Defendants complied with the local rules and properly conferred about their motion in good faith. RJF's argument wrongly focuses on the final communication immediately prior to the filing of this motion, as a means of suggesting that Defendants sent a last minute communication without an intent to discuss the issues. While Defendants sent a final communication, they previously raised these issues in prior discussions and RJF advised that it intended to admit patently inadmissible evidence. For example, Defendants asked RJF to withdraw its attorneys as witnesses when RJF identified them as witnesses, and asked RJF to withdraw the February 29, 2008 email upon proving its accuracy. Those discussions, occurring long before Defendants filed this motion, demonstrate a good faith confer and that the discussions were unsuccessful – as further demonstrated by the fact that RJF disputes every aspect of Defendants' motion. RJF's suggestion that Defendants did not properly confer is meritless and designed to distract from the merits of Defendants' motion.

**I.   UNPROVEN ALLEGATIONS IN THIRD-PARTY COMPLAINTS AND A SETTLEMENT ARE INADMISSIBLE TO PROVE A COVERED LOSS.**

RJF seeks to create the illusion of wrongdoing by introducing unproven lawsuits as proof of dishonesty and its voluntary settlement as proof of a loss. (ECF No. 179, pp. 4-7). RJF's strategy is to imply dishonesty from unproven allegations and the existence of a loss from a voluntary settlement. The Federal Rules of Evidence and plain terms of the Bonds prohibit that tactic.

First, RJF never addresses how unproven allegations in third-party complaints can be

1

admissible evidence of dishonesty.  The complaints are ultimately immaterial because the Bonds do not provide liability coverage.  (ECF No. 165, pg. 8-9).   Instead, they provide first-party coverage for covered employee dishonesty.  Therefore, unlike in a liability insurance dispute, RJF cannot trigger coverage by citing the allegations in third-party complaints; it purchased first-party indemnity coverage and thus, must affirmatively prove its loss through admissible evidence. *Raymond Nahmad v. Hartford Cas. Ins.*, 2020 WL 6392841, at *5 (S.D. Fla. Nov. 2, 2020).

Third-party complaints are not such admissible evidence of the allegations therein, but instead are inadmissible hearsay.  *Steed v. EverHome Mortg.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009).  To that end, courts routinely exclude such complaints in *limine*. *Salinero v. Johnson & Johnson*, 2019 WL 7753445 at *3 (S.D. Fla. Sept. 25, 2019); *Bowe v. Public Storage*, 2015 WL 10857339, at *2 (S.D. Fla. June 2, 2015).  Faced with adverse authority, RJF offers no valid basis to admit the third-party lawsuits.  Admission will only serve to confuse the jury and wrongly imply they can consider unproven allegations as evidence of dishonesty.  Given the absence of any probative value, such confusion will only serve to extend the trial (by requiring a mini-trial on the merits of the unproven allegations – a dispute irrelevant to the merits of RJF's allegations).

Second, RJF's attempt to introduce its settlement as proof of coverage or loss contradicts the agreed terms of the Bonds:  Because the Bonds do not provide liability coverage, they expressly state "….neither a judgment against the Insured, nor a settlement of any legal proceeding by the Insured, shall determine the existence, extent or amount of coverage under this bond for loss sustained by the Insured…." (ECF No. 39-1, General Agreement F at pg. 5).  RJF glosses over that provision because it has no valid response.  Application of the plain terms of the Bonds prohibits RJF from introducing its voluntary settlement as proof of "coverage" or amount of loss.

Unable to contest the terms of the Bonds, RJF debates whether Federal Rule of Evidence 408 prohibits admission of its settlement.  (ECF No. 179, p. 6).  FRE 408 is immaterial because the Bonds expressly prohibit use of the settlement as proof of coverage or a loss.  However, even if the Bonds did not resolve this issue, RJF's position would nonetheless fail. A settlement is not admissible because a jury may wrongly imply fault from the decision to compromise. *Goussen v. Mendez Fuel*, 2018 WL 5831084, at *2 (S.D. Fla. Nov. 7, 2018); *Molinos v. Lama*, 2008 WL 11333562, at *2-4 (S.D. Fla., Oct. 30, 2008).  Therein lies the fallacy of RJF's position.  RJF's decision to settle an alleged liability does not establish the threshold coverage issue – whether the partnerships suffered a loss of funds on deposit at RJF. (ECF No. 129, pg. 10-14).  At most, it

proves that RJF perceived a potential liability – a perception irrelevant given that the Bonds do not cover actual, much less potential liabilities to third parties.  (*Id.* at 7-9).

RJF raises a false distinction and seeks admission because it "settled different claims, asserted in different lawsuits, brought by different parties." (ECF No. 179, p. 7).  The Eleventh Circuit rejected that logic and held that a settlement of another dispute involving the same conduct was inadmissible because the introduction of the settlement "compromises the accuracy of the jury's determination."  *U.S. v. Arias*, 431 F.3d 1327, 1337 (11th Cir. 2005); *3M Combat Arms*, 2021 WL 8488074 at *1 (N.D. Fla., Mar. 7, 2021); *King v. Cessna*, 2010 WL 1839266, at *1 (S.D. Fla. May 6, 2010); *Wajcman v. Inv. Corp.*, 2009 WL 465071, at *1-2 (S.D. Fla. Feb. 23, 2009).[1]

When analyzed under the Bonds or the Federal Rules of Evidence, RJF cannot therefore rely upon unproven allegations or its voluntary settlement to prove that Burstein engaged in dishonesty or a loss of funds at RJF.  Accordingly, RJF should be barred from referencing the lawsuits against it and its settlement of those lawsuits, admitting either into evidence or from making any arguments based thereupon.

**II.   SETTLEMENT OF THE SEC'S UNPROVEN ALLEGATIONS IS NOT ADMISSIBLE EVIDENCE OF DISHONESTY.**

Seeking to impugn Burstein with unproven allegations, RJF seeks to admit an unproven SEC complaint against Burstein and a settlement of that complaint (through the entry of a consent order) as evidence of dishonesty. Burstein never admitted to the SEC's allegations; instead, Burstein and the SEC settled without Burstein "admitting or denying the allegations of the Complaint…." (ECF No. 165-1 p. 2). Because Burstein did not admit fault, binding authority prohibits its admission (FRE 408, FRE 401 and FRE 403). *U.S. v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (SEC consent order inadmissible because it was "obtained by compromise, with the defendants neither admitting nor denying any wrongdoing"); *Castellanos v. Portfolio Rec. Assoc.*, 2017 WL 7796303, at *3 (S.D. Fla. Oct. 31, 2017) (consent order is inadmissible under FRE 403).

RJF offers no substantive response.  It disputes its intent to offer the complaint and consent order for the truth of the matter asserted, but never explains why it intends to offer them if not to imply wrongdoing. (ECF No. 179, pp. 7-9). It offers no explanation because it obviously intends

---

[1] RJF cites to *Ostrow v. Globecast Am.*, 825 F. Supp. 2d 1267 (S.D. Fla. 2011), but *Ostrow* noted that "…some courts have construed Rule 408 to allow for exclusion of evidence pertaining to more than one claim where the claim to which the proffered evidence relates and the claim being litigated arose out of a single event, sometimes referred to as the 'same transaction' theory." *Id.* at 1273.

3

for the jury to imply wrongdoing. Its own expert acknowledged that intent, citing the consent order as alleged evidence of dishonesty. (ECF No. 164-3, p. 17). It is, therefore, disingenuous (at best) for RJF to argue that it does not seek to offer the SEC complaint and consent order as evidence of Burstein's dishonesty. There is no other point to offering the complaint and settlement into evidence. That is precisely why consent orders are inadmissible – they represent a compromise and are not competent evidence of wrongdoing. *Cook*, 557 F.2d at 1154.

That RJF's alleged expert cited the consent order as support for his report does not alter that conclusion for two reasons. (ECF No. 179, p. 17). First, FRE 703 only authorizes reliance upon evidence "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject…." RJF offers no proof that experts reasonably rely upon consent orders in forming opinions on the existence of dishonesty. It cannot therefore rely upon its expert's alleged reliance to admit inadmissible evidence. *Schafer v. Time*, 142 F.3d 1361, 1374 (11th Cir. 1998) (affirming decision to preclude expert from referring to hearsay because plaintiff did not prove memorandum "… could be of the type an expert typically relies on to bring it within Rule 703"); *Rios v. MSC Cruises*, 2020 WL 8613280, at *2 (S.D. Fla. Nov. 13, 2020), *aff'd*, 2021 WL 4100378 (11th Cir. Sept. 9, 2021) (same).

Second, an expert's reliance on a patently inadmissible settlement does not automatically allow its admission. Because a settlement has no probative value and may lead a jury into implying wrongdoing, courts refuse to admit settlements under FRE 403 on the basis that the prejudice outweighs the probative value. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 12-cv-630, 2014 WL 794328, *8-9 (N.D. Cal. Feb. 25, 2014) ("Allowing a party to circumvent Rule 408 by admitting a damages number based on a settlement offer through an expert contravenes this central public policy of favoring settlement of disputes"). The same is true here. The fact that the SEC brought a regulatory proceeding and Burstein chose to settle that action does not demonstrate that Burstein in fact engaged in dishonesty. The sole purpose of admitting the complaint and settlement is to wrongly imply wrongdoing. The prejudice from that false implication vastly exceeds the probative value and therefore, the complaint and consent order (and any argument or opinion testimony based thereupon) should be excluded.

### III. HAVING ASSERTED PRIVILEGE OVER SETTLEMENT AND ITS DEFENSE, RJF CANNOT CALL ITS ATTORNEYS ON THOSE SUBJECTS.

Even though it identified its own attorneys as witnesses and reserved the right to call them to testify about their representation of RJF, RJF objected to Insurers fully examining its attorneys.

(ECF No. 165-3, p. 8:01-10). RJF prevented Insurers from fully probing (1) RJF's settlement with the receiver by objections to questioning about the negotiations based upon the mediation privilege (ECF No. 165-3, pp. 35:08-35:15; 67:01-09; 70:17-71:02; 96:08-12); (2) defense of civil litigation by directing counsel not to answer questions based upon the attorney-client privilege and work product doctrine (*Id.*, pp. 27:21-28:02; 42:21-44:14); and (3) the investigation into the allegations against Burstein by directing counsel not to answer questions on that subject based upon the privilege (*Id.*, pp. 63:10-19; 104:02-16).

Despite using privilege as a shield in discovery, RJF now seeks to use testimony from its attorneys as a sword at trial. That RJF denies an intent to disclose its attorneys' advice, the fact remains that it intends to call them to testify about their representation of RJF, their defense of RJF and negotiation of a settlement – as a means of implying that RJF had a definite liability and a reasonable basis to settle. In short, RJF seeks to create the impression that it had exposure and reasonably settled, but its refusal to disclose RJF's investigation, defense, relevant contemporaneous documents and negotiations leaves Insurers unable to probe that suggestion.

Insurers bore no burden of challenging RJF's objections. RJF chose to object and withhold information, and now bears the consequences of that decision. Because it withheld information, the Eleventh Circuit precedent forbids RJF from calling its attorneys on those subjects. *GAB Bus. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (defendant could not introduce evidence of negotiations because it refused to provide full disclosure of those negotiations during discovery). RJF ignores *GAB* because it demonstrates the flaws in its position and explains why RJF cannot direct its attorneys to withhold documents and information about their representation of RJF and negotiations on behalf of RJF, and then call those attorneys to testify about those subjects. Because RJF refused to allow full questioning of its attorneys, it should be barred from calling them as witnesses on any subject to which they objected during discovery.

### IV.   CLAIMS HANDLING IS IRRELEVANT TO WHETHER RJF CAN PROVE A LOSS COVERED UNDER THE BONDS.

Because RJF filed a breach of contract claim (not a bad faith claim), any trial will address a singular issue – can RJF adduce admissible evidence to establish a covered loss? Evidence and argument about whether Insurers properly investigated the claim and critique over claim handling is irrelevant and inadmissible to that issue: "[E]vidence of an insurance company's claims handling procedures is irrelevant to the determination of coverage and damages." *See, e.g., Royal Bahamian Ass'n. v. QBE Ins.*, 745 F. Supp. 2d 1380, 1381 (S.D. Fla. 2010). To that end, courts routinely

exclude testimony and evidence relating to claim handling and agree that such evidence is "not relevant in this action because the claims and defenses in this case depend upon the language of the individual policies issued by Defendants and whether these policies cover Plaintiff's losses." *MRM Rest. v. Frontline Ins.*, 2020 WL 5881050 at *2 (N.D. Fla. May 29, 2020).

Ignoring adverse authority, RJF argues that the jury cannot understand the parties' respective obligations under the Bonds without understanding the "industry standards" on claim handling. (ECF No. 179, p. 11). It cites no authority for that provision and cannot do so because claim handling standards do not determine the parties' obligations under the Bonds; the Bonds define the parties' obligations. The jury's sole role is to weigh whether the admitted evidence demonstrates a covered loss under the parties' agreement. As recognized in *MRM* and *Royal Bahamian*, claim handling has nothing to do with that question. The sole purpose of admitting claim handling evidence is to use immaterial critique to taint the jury against insurers. Because claim handling has no relevance to the existence of a covered loss and will only serve to prejudice insurers, Plaintiff should be barred from raising any argument relating to or otherwise critiquing Insurers' claim handling, or otherwise suggesting that Insurers acted in bad faith.

## V. RJF'S PROOF OF LOSS IS INADMISSIBLE HEARSAY AND MORE PREJUDICIAL THAN PROBATIVE.

RJF seeks to admit its attorney's narrative arguments in favor of coverage into evidence as a means of advocating its theory of coverage. Recognizing that such statements are inadmissible hearsay, courts uniformly refuse to admit such statements and agree that such statements are inadmissible because they do not contain evidence, but instead reflect RJF's advocacy. *Burgess v. Allstate Ins. Co.*, 334 F. Supp. 2d 1351, 1354–55 (N.D. Ga. 2003); *U.S. v. Goad*, 739 F. Supp. 1459, 1461 (D. Kan. 1990); *In re Harmony Hold.*, 393 B.R. 409, 414 (Bankr. D.S.C. 2008).

RJF argues that it can admit the proof of loss to prove compliance with the Bonds, but unlike in RJF's cases,[2] Insurers admitted that RJF submitted a proof of loss. (ECF No. 46, p. 47; ECF No. 47, pp. 13-14; ECF No. 48, pp. 20-21; ECF No. 49, p. 24; ECF No. 51, pp. 13-14). Thus, it is unnecessary to admit the proof of loss to prove compliance with the Bonds. RJF seeks to admit it solely to provide the jury a written synopsis of its arguments and subjective spin of Burstein's conduct. The proof of loss is inadmissible for that purpose and more prejudicial than probative.

---

[2] RJF cites *MacDonald v. Ford Motor*, 142 F. Supp. 3d 884, 898 (N.D. Cal. 2015) and *Dixon v International Federation of Accountants*, 2010 WL 1424007, at *2 n.4 (S.D.N.Y. Apr. 9, 2010), but those cases admitted the proof of loss solely for the purposes of proving compliance with the obligation to submit a proof of loss.

6

Accordingly, RJF should be barred from admitting its narrative proof of loss into evidence.

## VI. MARK BARRACCA CANNOT DISCLOSE CONFIDENTIAL INFORMATION.

Even though Mark Barracca represented Burstein, RJF intends to call him as a witness to support its claim that Burstein acted dishonestly. (ECF No. 179, pp. 13-14). Insurers forthrightly acknowledged that Barracca can testify to public events he witnessed, but filed this motion because he also received confidential information from Burstein and RJF cannot now elicit any such information absent Burstein's consent. *Smith v. Armour Pharm.*, 838 F. Supp. 1573, 1577 (S.D. Fla. 1993) ("…only the client who has the power to waive the attorney-client privilege").

RJF presents no evidence that Burstein waived his attorney-client privilege. It cites the terms of the retention agreement, but that agreement fails for two reasons. First, while Barracca admitted that he represented Burstein, Burstein did not sign the agreement RJF now cites. Accordingly, any alleged waivers therein are not enforceable. (Exh. 1, p. 3). Second, the retention agreement does not provide Barracca free reign to testify regarding privileged and confidential information or communications, and RJF has provided no authority for such a clear violation of the attorney-client privilege. (*Id.*) Because Burstein never waived the attorney-client privilege, any confidential information or communications he shared cannot be offered to support RJF's allegations of dishonesty and Barracca should be limited to information gathered prior to his representation of Burstein or public events he witnessed while representing Burstein.

## VII. UNAUTHENTICATED HEARSAY COMMUNICATIONS BETWEEN QUIROS AND BURSTEIN ARE INADMISSIBLE.

RJF seeks to introduce correspondence drafted by Quiros into evidence on the supposition that the contents prove a conspiracy. (ECF No. 179, pp. 14-16). Importantly, RJF does not cite any statements or responses from Burstein to support that conclusion – meaning that RJF has never produced any evidence that Burstein solicited Quiros' correspondence or otherwise agreed with its contents. Yet, despite the absence of any affirmative response, RJF hopes that the jury infers from Quiros' statements that Burstein intended to participate in a conspiracy.

Admission unfairly prejudices Insurers because the communications from Quiros to Burstein contain one-way statements without Burstein's acknowledgment or agreement, and RJF does not intend to call either Quiros or Burstein to testify at trial. (ECF No. 190-4). Given the lack of any testimony about the correspondence and any independent evidence that Burstein agreed with Quiros's statements, the jury could wrongly imply wrongdoing from silence. *Myers v. Bowman*, 713 F.3d 1319, 1332 (11th Cir. 2013) (finding silence did not support inference of

7

conspiracy); *see also Adrion v. Knight*, 2009 WL 3254342, at *17 (D. Mass. Sept. 9, 2009), *adopted in part, rejected in part,* 2009 WL 3152885 (D. Mass. Sept. 28, 2009) (finding email without reply was not proof of conspiracy); *City of Baton Rouge v. Bank of America*, 2021 WL 1201664, at *3 (M.D. La., 2021) (finding chatroom conversation failed to show conspiracy).

While admission to prove intent and motive are exceptions to the hearsay rules, those exceptions only apply if the document itself proves the declarant's intent and state of mind. *U.S. v. Best,* 219 F.3d 192, 198 (2d Cir. 2000). In this case, Quiros sent the correspondence, but RJF cites that correspondence to prove Burstein's motive and intent. Where a party intends to admit evidence of a declarant's statement against a non-declarant, "… admissibility turn[s] on whether there was independent evidence that connected the declarant's statement with the non-declarant's activities." *Id.*; *see also U.S. Paloscio,* 2002 WL 1359723 at *2 (S.D.N.Y. June 21, 2002). Here, RJF has not produced and does not cite any such evidence. Instead, it seeks to create speculation from one-sided communications. Such speculation is unfairly prejudicial and not probative. *U.S. v. Kadir*, 718 F.3d 115, 124-125 (2d Cir. 2013) (statement from third-party inadmissible because target did not respond or otherwise show assent). Accordingly, RJF should be barred from introducing or referencing out-of-court statements by Quiros, suggesting or arguing that such communications prove conspiracy or dishonesty, or otherwise referencing such communications.

## VIII. TESTIMONY OF RJF'S UNDISCLOSED WITNESSESS SHOULD BE EXCLUDED.

Insurers asked this Court to preclude RJF from calling undisclosed witnesses because RJF's initial disclosures vaguely reserved the right to call "corporate representatives" and any witness identified through any form of discovery. Because RJF produced hundreds of thousands of pages identifying hundreds of witnesses, Insurers could not reasonably identify the witnesses RJF might call to testify at trial. They therefore served an interrogatory asking RJF to identify its trial witnesses. Refusing to provide this basic information again, RJF served a response that circularly referenced its initial disclosures. (Exh. 2, pp. 15-16).[3]

Even now, RJF refuses to fully disclose its trial witnesses. Its witness list includes unnamed "corporate representatives" of RJF and the SEC. (ECF No. 190-4, pg. 3 & 8). Insurers asked for clarification (Exhibit 3), but RJF never responded – leaving Insurers to guess as to the alleged corporate witnesses it intends to call. Federal courts reject such gamesmanship and reject such

---

[3] This exhibit was mislabeled as a duplicate Exhibit 9 in the motion at pg. 19. It is hereby attached.

vague reservations of the right to call witnesses. *Thornton v. J Jargon,* 580 F. Supp. 2d 1261, 1287 (M.D. Fla. 2008); *Diamond v. Aaronson*, 2019 WL 1974833, at *5 (M.D. Fla. Mar. 13, 2019). RJF should not now be allowed to call any witness not expressly named in its initial disclosures.

### IX. UNDISCLOSED OPINION TESTIMONY OF NON-RETAINED EXPERTS SHOULD BE EXCLUDED.

Insurers moved to exclude undisclosed opinion evidence because while RJF disclosed three retained experts, it did not disclose that it intended to elicit opinion testimony from percipient witnesses or employees. While initially suggesting such a motion is unnecessary, RJF then indicates that it intends to offer opinion testimony from its fact witnesses. (ECF No. 179, pp. 17-18). However, no such opinions were disclosed as required by Rule 26. (ECF No. 165-2). Accordingly, RJF cannot now elicit such opinion testimony. *A.T.O. Golden Constr. v. Allied World Ins. Co.*, 2018 WL 5891494, at *4 (S.D. Fla. Nov. 9, 2018); *Tim Hortons v. Singh,* 2017 WL 4837552, at *13–16 (S.D. Fla. Oct. 25, 2017). Accordingly, Defendants ask this Court to bar RJF from calling witnesses to offer any opinions not timely disclosed pursuant to FRCP 26.

### X. BURSTEIN'S JUNE 16, 2008 EMAIL AND FEBRUARY 29, 2012 LETTER ARE MORE PREJUDICIAL THAN PROBATIVE.

RJF seeks to create the false impression of dishonesty by mischaracterizing admittedly accurate statements as corrupt. While it now paints this motion as a vehicle to dispute the merits of its allegations, the Federal Rules of Evidence do not allow RJF to volley patently false allegations as a means of implying wrongdoing. Courts forbid that tactic because the mere assertion of the accusation creates the potential to sow confusion and potential for the jury to wrongly imply wrongdoing, and it forces Insurers to debunk false allegations (thereby creating the illusion that they have weight and should be considered).

Federal courts exclude such evidence and testimony because demonstrably false allegations will only serve to confuse the jury. *Montgomery v. Brickell Place*, 2012 WL 1203837, at *2 (S.D. Fla. Apr. 11, 2012). Where, as here, a party seeks to volley an allegation disproven by objective fact, courts commonly reject such testimony and evidence because its probative value is substantially outweighed by its unfair prejudicial impact and its likelihood to cause jury confusion. *Companhia v. Caterpillar*, 2016 WL 7507848, at *11 (S.D. Fla. Aug. 1, 2016) ("It is proper for courts to exclude opinions based on incorrect facts because they are not helpful to the trier of fact."). The Court should do the same here.

First, RJF falsely alleged in its complaint that Burstein sent a letter to Jay Peak dishonestly

9

representing that the accounts were not encumbered by any loans as of February 27, 2012. (ECF No. 39, ¶59). That statement, RJF openly admits, is 100% accurate: "Burstein manipulated the accounts to make his statement accurate as of only a single date in order to conceal the fraud." (ECF No. 179, p. 19). Putting aside RJF's allegations as to Burstein's conduct, this admission is dispositive – namely, the statement was "accurate" as of the date in the letter. RJF cannot deny the accuracy of the letter because the objective bank statements show that there were no encumbrances as of February 27, 2012. (ECF No. 165-11).

RJF does not and cannot dispute these objective facts. Burstein's letter expressly advised it was "as of" February 27, 2012 and thus was clearly revealed as a snapshot in time, just like most other financial or accounting statements. Yet, RJF nonetheless seeks to sow confusion and create the false impression of wrongdoing – without any evidence of Burstein's intent or evidence regarding who received and relied upon the alleged misrepresentation. RJF's unsupported attempt to spin an accurate statement as dishonest is unfairly prejudicial (as it requires Insurers to acknowledge and debunk the accusation) and will only serve to invite speculation and confusion.

Second, RJF claims that Burstein "lied" about the timing of Quiros' acquisition of the resort in a June 16, 2018 email. (ECF No. 39, ¶ 32). However, as described in Insurers' original motion, Burstein's statement was in fact accurate. (ECF No. 165, p. 22). The original owner and Quiros had in fact executed a stock transfer agreement as of that date. *Id.* Burstein's statement was therefore entirely accurate. Yet, RJF hopes to present a narrative to the jury that everything and anything Burstein said or did – regardless of truth or falsity – proves the conspiracy. Thus, RJF seeks to spin an accurate statement as proof of dishonesty, in hopes of forcing Insurers to debunk meritless allegations and that the jury will speculate about Burstein's conduct.

This motion has nothing to do with the "weight of the evidence," but rather seeks to exclude a slew of false accusations designed to confuse the jury, as both non-probative of dishonesty and as required under FRE 403. RJF should not be allowed to create false strawmen in hopes that the jury will infer wrongdoing and force Insurers to debunk meritless allegations. Accordingly, Defendants ask this Court to preclude RJF from admitting the June 16, 2018 email and February 29, 2012 letter, referencing those documents or offering any testimony or argument based thereon.

## CONCLUSION

For all of the foregoing reasons, the Insurers request that the Court grant their motion *in limine* and bar the inadmissible evidence described above.

Dated:  October 1, 2021 Respectfully submitted,

*s/ Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No. 0087601
**GORDON REES SCULLY MANSUKHANI**
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: 813-523-4945
Facsimile:  813-377-3505
cwonder@grsm.com

and

Scott L. Schmookler, Esq.
Sarah Riedl Clark, Esq.
**GORDON REES SCULLY MANSUKHANI**
One North Franklin, Suite 800
Chicago, IL  60606
Telephone:  312-980-6779
sschmookler@grsm.com
srclark@grsm.com

*Counsel for Federal Insurance Company*

*/s/ Ryan J. Weeks*
E.A. "Seth" Mills, Jr., Esq.
Florida Bar No. 339652
Ryan J. Weeks, Esq.
Florida Bar No.  5 7 8 9 7
**MILLS PASKERT DIVERS**
100 N. Tampa Street, Suite 3700
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
smills@mpdlegal.com
rweeks@mpdlegal.com
csoltis@mpdlegal.com

*Counsel for Travelers Casualty and Surety Company of America*

*/s/ James M. Kaplan*
James M. Kaplan
Florida Bar No. 921040
**KAPLAN ZEENA LLP**
2 South Biscayne Boulevard, Suite 3050

11

Miami, Florida  33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
James.kaplan@kaplanzeena.com
Elizabeth.salom@kaplanzeena.com
service@kaplanzeena.com

and

Michael Keeley
*Admitted Pro Hac Vice*
John R. Riddle
*Admitted Pro Hac Vice*
**Clark Hill Strasburger**
901 Main Street, Suite 6000
Dallas, Texas  75202-3794
Telephone:  (214)  651-4718
Facsimile:   (214) 659-4121
mkeeley@clarkhill.com
jriddle@clarkhill.com
*Counsel for Beazley Insurance Company, Inc.*

*/s/ Dustin C. Blumenthal*
Dustin C. Blumenthal
Florida Bar No. 0149871
**Goldberg Segalla**
222 Lakeview Avenue, Suite 800
West Palm Beach, FL  33401
Telephone: (561)  618-4485
Facsimile:  (561)  618-4549
dblumenthal@goldbergsegalla.com
lparker@goldbergsegalla.com

and

Stephen N. Dratch, Esq.
*Admitted Pro Hac Vice*
**The Dratch Law Firm, P.C.**
354 Eisenhower Parkway
Livingston, New Jersey 07039
Telephone:  (973) 992-3700

*Counsel for Great American Insurance Company*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2021, a true and correct copy of the foregoing was E-Filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to counsel for all parties of record.

*s/ Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No. 0087601
**GORDON REES SCULLY MANSUKHANI**
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: 813-523-4945
Facsimile:  813-377-3505
cwonder@grsm.com