UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-21707-CIV-MARTINEZ/BECERRA

RAYMOND JAMES FINANCIAL, INC.,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER ON PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Partial Motions for Summary Judgment ("Motions"). (ECF Nos. 122, 123, 124, and 125). Plaintiff moves for summary judgment on certain affirmative defenses raised by Defendants, Federal Insurance Company ("Federal Insurance"), Travelers Casualty and Surety Company of America ("Travelers"), St. Paul Mercury Insurance Company ("St. Paul"), Beazley Insurance Company, Inc. ("Beazley"), and Great American Insurance Company ("Great American") (collectively, "Defendants"). The Court has carefully reviewed the Motions and is otherwise fully advised.

This case arises from an insurance coverage dispute between Plaintiff and Defendants. Plaintiff purchased a series of Financial Institution Bonds from Defendants: the Primary Bond, First Excess Bond, Second Excess Bond, and Third Excess Bond (the "Bonds"). (*Id.* ¶ 1(a)–(e)). The Bonds provide a total of $60 million in "single loss" employee fidelity coverage. (ECF No. 126 ¶ 1). Plaintiff submitted a claim to Defendants under the Bonds seeking coverage on the theory that its employee, Joel Burstein, colluded with Ariel Quiros to embezzle funds from partnerships associated with the Jay Peak Ski Resort. (ECF No. 39 ¶ 1). Defendants denied

1

coverage and this lawsuit ensued. In response, Defendants asserted several affirmative defenses. (ECF Nos. 46, 47, 48, 49, 51).

Plaintiff seeks partial summary judgment on Federal Insurance's Seventh, Eighth, Ninth, Twenty-Second, and Twenty-Eighth Affirmative Defenses, (ECF No. 46). It further seeks summary judgment on Travelers and St. Paul's Eighth, Tenth, Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses, (ECF Nos. 47, 51). Next, it seeks summary judgment on Beazley's Fifth, Sixth, Tenth, Eleventh, Twelfth, Fourteenth, Sixteenth, and Nineteenth Affirmative Defenses, (ECF No. 49). Finally, Plaintiff moves for summary judgment on Great American's Third, Thirteenth, Seventeenth, Eighteenth, and Twentieth Affirmative Defenses, (ECF No. 48).[1]

In their responses, Defendants agree to voluntarily withdraw most of these affirmative defenses. (ECF Nos. 146, 147, 148, 150). Given Defendants' agreement, Plaintiff's Partial Motions for Summary Judgment are denied as moot as to the following affirmative defenses: Federal Insurance's Twenty-Eighth Affirmative Defense; Travelers and St. Paul's Eighth, Tenth, Thirteenth, and Fourteenth Affirmative Defenses; Beazley's Fifth, Sixth, Tenth, Eleventh, Twelfth, Sixteenth, and Nineteenth Affirmative Defenses; and Great American's Seventeenth, Eighteenth, and Twentieth Affirmative Defenses.

Next, the Court addresses Federal Insurance's Seventh, Eighth, and Ninth Affirmative Defense and Great American's Third Affirmative Defense. Because these affirmative defenses

---

[1] The Court notes that Plaintiff's requests for relief would have been more appropriately raised in a motion to strike the affirmative defenses. Had Plaintiff filed a motion to strike at the appropriate time, the parties would have been required to engage in a good-faith conferral and Plaintiff would have learned that Defendants were willing to withdraw most of their affirmative defenses. Nevertheless, because most affirmative defenses have been rendered moot and the Court does not reach the merits of the defenses, it rules on the motions as ones for summary judgment.

raise the same issues, the Court addresses them together. Federal Insurance and Great American argue that Plaintiff cannot recover in excess of the Aggregate Limit of Liability under the Bonds, *i.e.*, the Primary Bond ($20 million), the Second Excess Bond ($20 million excess of $40 million), and Third Excess Bond ($40 million excess of $60 million). Plaintiff admits that the Bonds, in the aggregate, are subject to a total of $60 million in single loss limits of liability. (ECF No. 126 ¶ 1). Notwithstanding, it moves for partial summary judgment as to these affirmative defenses, arguing that they are "inapplicable" in this case because it "is only seeking to recover the $60 million in 'single loss' employee fidelity coverage under the Bonds resulting from Burnstein's dishonesty." (ECF No. 122 at 6 (quoting ECF No. 39 ¶¶ 1, 74)). Because Plaintiff acknowledges that this action is subject to a total of $60 million in single loss limits of liability, and that it is not seeking more than $60 million in damages, these affirmative defenses are rendered moot. Therefore, the Court strikes Federal Insurance's Seventh, Eighth, and Ninth Affirmative Defense and Great American's Third Affirmative Defense as moot and similarly denies Plaintiff's Motion with respect to these defenses as moot.[2]

Finally, the Court turns to Great American's Thirteenth Affirmative Defense, Beazley's Fourteenth Affirmative Defense, Federal Insurance's Twenty-Second Affirmative Defense, and Travelers and St. Paul's Sixteenth Affirmative Defense. In these affirmative defenses, Defendants allege that Exclusion (u) of the Primary Bond precludes coverage for

> all fees, costs and expenses incurred by [Plaintiff] (1) in establishing the existence of or amount of loss covered under this bond, except to the extent covered under the portion of Insuring Agreement (a) entitled Audit Expense; or (2) as a party to legal proceeding whether or not such legal proceeding exposes [Plaintiff] to loss covered by this bond.

---

[2] Regardless of whether the Court treats Plaintiff's motions as ones for summary judgment, pursuant to Federal Rule of Civil Procedure 12(f), it may *sua sponte* strike an "insufficient defense or any redundant [or] immaterial . . . matter."

(*E.g.*, ECF No. 48 at 22–23). Plaintiff moves for summary judgment arguing that Florida law requires that, should Plaintiff prevail in this action, it be entitled to an award of attorney's fees and costs. (*E.g.*, ECF No. 125 at 7 (quoting Fla. Stat. § 627.428)). But Plaintiff does not state whether it is seeking any other "fees, costs and expenses." Defendants clarify in their responses that they asserted this affirmative defense only as it relates to fees incurred by Plaintiff in defending any other litigation referenced in the complaint. (ECF No. 146 at 3; ECF No. 147 at 2–3; ECF No. 148 at 3; ECF No. 150 at 2–3). Beazley, Travelers, and St. Paul concede that they are not asserting Exclusion (u) as a defense to Plaintiff's claim for recovery of attorney's fees under Florida law. (ECF No. 146 at 3; ECF No. 148 at 3). Great American, on the other hand, appears to argue that a sophisticated actor like Plaintiff can contractually waive its right attorney's fees and costs. (ECF No. 150 at 3). All parties agree, however, that the issue is either not ripe for review, or that it is unnecessary for the Court to address it at this time. They agree that the issue can be decided at the conclusion of this case depending on who prevails. The Court agrees. Therefore, Plaintiff's Motions as to these affirmative defenses are denied without prejudice.

Having resolved all the issues raised in the Motions, the Court feels compelled to address the clear lack of communication between the parties. All four motions for partial summary judgment could have been resolved prior to their filing given that many of the issues were either rendered moot or resolved based on the parties' concessions. While the Local Rules do not require a good-faith conferral prior to filing a motion for summary judgment, collegiality and professionalism is expected of attorneys litigating in this District. The parties are cautioned that filings that effectively result in the waste of judicial resources are strongly discouraged.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that:

1. The Motions, (ECF Nos. 122, 123, 124, and 125) are **DENIED as moot** as to Federal Insurance's Seventh, Eighth, Ninth, and Twenty-Eighth Affirmative Defense; Travelers and St. Paul's Eighth, Tenth, Thirteenth, and Fourteenth Affirmative Defenses; Beazley's Fifth, Sixth, Tenth, Eleventh, Twelfth, Sixteenth, and Nineteenth Affirmative Defenses; and Great American's Third, Seventeenth, Eighteenth, and Twentieth Affirmative Defenses.

2. The Motions, (ECF Nos. 122, 123, 124, and 125) are **DENIED without prejudice** as to Great American's Thirteenth Affirmative Defense, Beazley's Fourteenth Affirmative Defense, Federal Insurance's Twenty-Second Affirmative Defense, and Travelers and St. Paul's Sixteenth Affirmative Defense

3. Federal Insurance's Seventh, Eighth, and Ninth Affirmative Defense and Great American's Third Affirmative Defense are **STRICKEN as moot**.

DONE AND ORDERED in Chambers at Miami, Florida, this _8_ day of February, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record